588

[THE STATE EX REL.] KETTERING MEDICAL CENTER,
APPELLANT, *v.* WALLACE ET AL., APPELLEES.

[Cite as *State ex rel. Kettering Med. Ctr.
v. Wallace* (1994), 68 Ohio St.3d 588.]

(No. 93–914—Submitted January 11, 1994—Decided March 30, 1994.)

Coolidge, Wall, Womsley & Lombard Co., L.P.A., and Brett L. Thurman, for appellant.

E.S. Gallon & Assoc. and Richard M. Malone, for appellee Wallace.

Lee I. Fisher, Attorney General, and Janie D. Roberts, Assistant Attorney General, for appellee Industrial Commission.

---

Per Curiam. It is undisputed that claimant's psychological condition preceded her industrial injury—a fact formally recognized by the commission's designation of her psychiatric condition as an "aggravation." Appellant proposes that the commission abused its discretion by failing to separate the amount of psychological disability attributable to her industrial injury from that which preceded it. We disagree.

Appellant's argument erroneously assumes that evidence of a pre-existing condition is prima facie evidence of a pre-existing disability as well. Appellant, however, ignores that claimant worked without any apparent problems prior to her industrial accident. Because her psychological condition did not affect her ability to work before the accident, appellant cannot persuasively argue that the claimant has a pre-existing emotional disability. See Marshall v. Ouachita Hosp. (1980), 269 Ark. 958, 961, 601 S.W.2d 901, 902. (Appellate court upheld claimant's contention that although he was a polio victim, he had no pre-existing disability in the workers' compensation sense, since he had been able to work as a lab technician and perform all required tasks for twenty-two years prior to his work-related accident.)

Equally important, even if there were a pre-existing disability, there is evidence that claimant's inability to work is due entirely to her industrial injury. Again, Dr. Bonds specifically stated in two places in his report that claimant's industrial injury was solely responsible for her inability to work.

The appellate court judgment is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.