[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 176.]

THE STATE EX REL. CONSOLIDATION COAL COMPANY, APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Consolidation Coal Co. v. Indus. Comm.*, 1997-Ohio-46.]

*Workers' compensation—Award of permanent total disability benefits by Industrial Commission not an abuse of discretion when supported by "some evidence."*

(No. 94-2708—Submitted January 7, 1997—Decided April 16, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD11-1557.

_____

{¶ 1} Appellee Wayne R. McDaniel was employed by appellant, Consolidation Coal Company ("Consolidation"). McDaniel seeks permanent total disability benefits related to his employment with Consolidation.

{¶ 2} In 1974, McDaniel began his employment with Consolidation. During his employment, McDaniel sustained three work-related injuries for which workers' compensation claims were allowed: (1) Claim No. 647654-22, for a contusion of the lower back and depression from an injury in July 1978; (2) Claim No. 841818-22, for a lower back injury and depression from an injury in March 1984; and (3) Claim No. 994750-22, for cervical strain, bulging disc and depression from an injury in April 1987.

{¶ 3} In 1984, McDaniel underwent a laminectomy and diskectomy. He recovered sufficiently to return to work for Consolidation until June 1987.

{¶ 4} On December 11, 1991, McDaniel filed an application for permanent total disability compensation. Dr. J.J. Fierra instituted a combined-effects review

of McDaniel's case.[1]  On August 3, 1993, the commission awarded McDaniel permanent and total disability with ninety percent of the cost of the award to be charged to Claim No. 647654-22 and ten percent of the cost to be charged to Claim No. 994750-22.  The commission's order relied primarily upon Fierra's report.

{¶ 5} Consolidation filed a complaint for writ of mandamus in the Franklin County Court of Appeals alleging an abuse of discretion by the commission in making the award to McDaniel. The referee recommended that the request for a writ of mandamus be denied.  No objections were filed.  The appellate court adopted the referee's recommendation and denied the request for the writ.

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Hanlon, Duff, Paleudis & Estadt Co., L.P.A.* and *John G. Paleudis*, for appellant Consolidation Coal Company.

*R.E. Goforth Co., L.P.A.* and *James P. Proctor,* for appellee Wayne R. McDaniel.

*Betty D. Montgomery*, Attorney General, and *Jeffery B. Duber*, Assistant Attorney General, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

_____

**LUNDBERG STRATTON, J.**

{¶ 7} Consolidation seeks a writ of mandamus, alleging that the commission abused its discretion in awarding permanent total disability by improperly relying upon Dr. Fierra's report and by misinterpreting the restrictions contained therein.

---

1. A combined-effects review, within the context of a workers' compensation case, occurs when a doctor reviews multiple conditions together to determine the extent of the claimant's total impairment.

**{¶ 8}** In order to successfully challenge an order of the Industrial Commission by mandamus, the relator must demonstrate an abuse of discretion. *State ex rel. Burley v. Coil Packing, Inc*. (1987), 31 Ohio St. 3d 18, 20, 31 OBR 70, 72, 508 N.E. 2d 936, 938. If an order is supported by "some evidence," then there is no abuse of discretion. *Id.*

**{¶ 9}** In this opinion, we reaffirm the proposition that this court's review of a commission's order pursuant to a complaint for a writ of mandamus should be limited to determining whether there is some evidence to support the commission's order. *Burley*, *supra*. To go further and assess the credibility of the evidence would place this court "in the role of a 'super commission,' a role never envisioned by either the Ohio Constitution or the General Assembly." *Id.* at 20, 31 OBR at 72, 508 N.E. 2d at 938. Accordingly, we will evaluate the commission's order by the some evidence standard.

**{¶ 10}** Consolidation sets forth five propositions of law arguing that the commission failed to support its order with some evidence. We will address each of Consolidation's propositions separately below.

## I. Polio

**{¶ 11}** Consolidation claims that because Dr. Fierra's report did not expressly state that his impairment rating excluded McDaniel's polio, a nonallowed and preexisting condition, its inclusion in the rating must be assumed. As a result, Consolidation argues, polio was improperly factored into McDaniel's percentage of impairment.

**{¶ 12}** The flaw in Consolidation's argument is that it assumes that McDaniel had an impairment or preexisting condition attributable to the polio. Consolidation ignores that McDaniel had worked for years prior to his injuries herein without any effect from his polio. A preexisting condition is not a preexisting disability, where the claimant worked without any apparent problems

prior to the injury. *State ex rel. Kettering Med. Ctr. v. Wallace* (1994), 68 Ohio St. 3d 588, 589, 629 N.E. 2d 444, 446.

{¶ 13} Further, there is no requirement that a physician specifically indicate that a nonallowed condition was not part of his or her conclusion. In the case at bar, Fierra's report attributed McDaniel's impairment to the allowed conditions. There is no legal basis for concluding that the failure to exclude polio means that it was included. Fierra did not attribute any of McDaniel's impairment to his polio despite the fact that he knew of its existence. "[N]onallowed conditions are immaterial, regardless of their severity, as long as the allowed conditions, in and of themselves, prevent sustained remunerative employment." *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St. 3d 452, 454, 619 N.E. 2d 1018, 1020.

{¶ 14} Accordingly, it was not an abuse of discretion for the commission to base its order on Fierra's report despite its failure to mention McDaniel's polio.

## II. Dr. McCloud's Report

{¶ 15} Fierra, in performing his combined-effects review, considered the report of Dr. Jerry McCloud in evaluating McDaniel. Consolidation argues that Fierra misconstrued McCloud's report in assessing the amount of impairment attributable to McDaniel's allowed back conditions. Consolidation specifically cites the following passage from Fierra's report:

"[T]he orthopedic permanent partial impairment, including the permanent partial impairment of 30% recommended by Dr. McCloud and taking into consideration that the claimant returned to work for a substantial period of time following the low back surgery, is 50%."

{¶ 16} Consolidation claims that Fierra's report cited McDaniel's favorable response to back surgery, but then inexplicably increased his impairment from thirty percent to fifty percent when McCloud's report indicated only thirty percent impairment.

{¶ 17} Fierra's statement is concededly confusing. However, upon closer examination, it becomes clear that McDaniel's allowed condition has two components—cervical and lumbar. McCloud examined McDaniel only for the cervical condition. Thus, his thirty percent rating applied only to McDaniel's cervical condition—not to his cervical and lumbar conditions as Consolidation mistakenly believes. Therefore, Fierra's reliance upon McCloud's report was limited to an assessment of McDaniel's cervical problem. Based on McCloud's report, Fierra then attributed the thirty percent disability to McDaniel's cervical condition. The additional twenty percent impairment was an assessment of McDaniel's lumbar condition made independently of McCloud's report by Fierra and resulted in a fifty percent impairment for McDaniel's back as a whole.

### III. Hoover's Report

{¶ 18} Fierra reviewed the report of Thomas O. Hoover, Ph.D., a psychologist, and adopted Hoover's assessment of twenty percent permanent psychiatric impairment. Consolidation alleges that Hoover's report, upon which Fierra relied, is so inconsistent that it should be disqualified from consideration. Specifically, Consolidation alleges that Hoover's assessment of a twenty percent permanent partial impairment contradicts his later statement that it was premature to declare that McDaniel had reached maximum medical improvement.

{¶ 19} "[ T]he non-examining physician is required to expressly accept all the findings of the examining physician, but not the opinion drawn therefrom." *State ex rel. Wallace v. Indus. Comm*. (1979), 57 Ohio St. 2d 55, 59, 11 O.O. 3d 216, 219, 386 N.E. 2d 1109, 1112. In the case at bar, it was up to Fierra to decide which conclusions to draw from Hoover's report.

{¶ 20} More important, in *State ex rel. Kaska v. Indus. Comm.* (1992), 63 Ohio St. 3d 743, 591 N.E. 2d 235, this court specifically held that permanency is not necessarily indicative of maximum medical improvement. In other words, a person can sustain a permanent injury, of which there is a component that will not

heal and a component that will heal. Accordingly, a report that indicates that the injury is permanent and that indicates that it is "premature to assume that maximum medical improvement has been achieved" is not inconsistent and can provide "some evidence" supporting a conclusion that someone is permanently disabled for purposes of workers' compensation.

**{¶ 21}** In the case at bar, Hoover unequivocally stated that McDaniel's injury was permanent, but also indicated that he might have some room to heal. This does not preclude a finding of permanency. The fact that Fierra found permanent impairment based on Hoover's prediction of twenty percent permanency does not render Fierra's conclusion unsupported simply because he might sustain some further recovery.

### IV. McDaniel's Stress Limitations

**{¶ 22}** Consolidation argues that the commission's order improperly stated that Fierra's report indicated that McDaniel must refrain from "any jobs with more than *minimal* stress." (Emphasis added.) Consolidation also claims the order indicated that Fierra noted a *reduced* stress requirement. (Emphasis added.) Consolidation alleges that the commission's mischaracterization of Fierra's stress limitations changed its finding from light work ability to sedentary work ability and was an abuse of discretion.

**{¶ 23}** Consolidation's argument is flawed. In its order, the commission concluded that McDaniel was precluded "from working in any jobs that require lifting more than 25 pounds or any jobs with more that [*sic*, than] minimal stress." The minimal stress limitation did not come from Fierra's report. Rather, the minimal stress limitation was a conclusion made by the commission from its review of McDaniel's history. Only after the commission determined that McDaniel was restricted from lifting over twenty-five pounds did it *add* the reduced stress limitation noted by Fierra to find that McDaniel was precluded from all but sedentary levels of employment.

{¶ 24} Thus, the commission's finding that McDaniel is limited to sedentary employment is supported by some evidence.

V. McDaniel's Ability to be Reemployed

{¶ 25} The commission relied upon the reports of John Ruth, a vocational specialist, and Fierra. Consolidation claims that these reports do not constitute "some evidence" to support the commission's conclusion that McDaniel's work history and education preclude return to the work force.

{¶ 26} Ruth's report provided that McDaniel, due to his ninth grade education and his work history, which is limited to manual labor, would not benefit from vocational retraining. In particular Ruth's report stated:

"In summary, it is clearly evident that this man would be unable to return to his former occupation due to range of motion limitations. Mr. McDaniel would require an occupation which he could perform primarily at bent height with the opportunity to sit or stand alternately. This man's educational skills and past work experience (laborer) may limit his job seeking potentials."

{¶ 27} Ruth also determined that "[l]ack of educational skills, compounded by the fact that this man does not possess any saleable skill development (Laborer) it is believed that he will have extreme difficulty seeking competitive employment."

{¶ 28} Fierra concluded that McDaniel has a sixty percent total body impairment from the combined effects of all three injuries precluding him from bending, from pushing or pulling heavy objects, from repetitively lifting of objects over twenty-five pounds and various other specific physical activities.

{¶ 29} The commission considered McDaniel's physical limitations and his reduced stress limitation due to his depressive state and concluded that McDaniel is precluded from all but sedentary levels of employment.

{¶ 30} Based on the aforementioned, there is "some evidence" to support the commission's finding that McDaniel cannot return to the work force.

VI. Conclusion

**{¶ 31}** Pursuant to the aforementioned analyses, we find that there is some evidence to support the commission's order. *Burley*, *supra*. Therefore, the judgment of the court of appeals is affirmed, and the writ is denied.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.

_____