DECISION
{¶ 1} In this original action, relator, June Y. Gray ("relator"), requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate that portion of its order denying her temporary total disability ("TTD") compensation for the time period December 29, 2003 through October 7, 2004, and to enter an order awarding said compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision (attached as Appendix A), including findings of fact and conclusions of law. Therein, the magistrate concluded that the commission's denial of TTD compensation for the requested time period was premised on a mistake of law. The magistrate found that the commission either ignored or misapplied the holding in State ex rel. Bowie v. Greater Regional TransitAuth. (1996), 75 Ohio St.3d 458, in that it failed to consider "that there are circumstances under which an examining doctor is indeed competent to render an opinion as to disability retrospective of his initial examination." (Magistrate's Decision, at 8.) Based on these findings, the magistrate recommended that this court issue a writ of mandamus ordering the commission to vacate that portion of the SHO's order of March 16, 2005, that denies TTD compensation for the period December 29, 2003 through October 7, 2004, and to enter an amended order additionally awarding TTD compensation for that period.
 {¶ 3} In its objections to the magistrate's decision, the commission essentially reargues the same points addressed in the magistrate's decision.
 {¶ 4} Following an independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant the requested writ of mandamus.
Writ of mandamus granted.
BRYANT and FRENCH, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. June Y. Gray, :
Relator, :
v. : No. 05AP-1163
Joseph Hurosky, James Nevins et al., :
Respondents. :
 MAGISTRATE'S DECISION Rendered on June 29, 2006 Dworken Bernstein Co., L.P.A., and Jonathan T. Stender,
for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondents.
 IN MANDAMUS {¶ 5} In this original action, relator, June Y. Gray, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate that portion of its order denying temporary total disability ("TTD") compensation from December 29, 2003 through October 7, 2004, and to enter an order awarding compensation for that period.
Findings of Fact:
 {¶ 6} 1. On June 26, 1997, relator suffered an asthma attack while employed as a factory worker for a state fund employer. Her industrial claim was allowed in 1997 for "ext asthma without stat asth" and was assigned claim No. 97-450680.
 {¶ 7} 2. On December 29, 2003, relator was examined by psychologist, Donald Jay Weinstein, Ph.D. In his four-page report, Dr. Weinstein concluded:
Ms. Gray meets the formal criteria for a DSM-IV diagnosis of Anxiety Disorder NOS 300.00. The criteria specific to her are:
Mixed anxiety-depressive disorder clinically significant symptoms of anxiety and depression, but the criteria are not met for either a specific Mood Disorder or a specific Anxiety Disorder.
Clinically significant social phobic symptoms that are related to the social impact of having a general medical condition or mental disorder, e.g., asthma.
The industrial Diagnosis of Asthma is a direct and proximate cause of the Anxiety Disorder NOS. Ms. Gray is in need of and motivated for successful mental health intervention. She is a candidate for behaviorally-oriented psychotherapy with emphasis on coping and relaxation techniques.
 {¶ 8} 3. On January 23, 2004, relator moved for an additional claim allowance apparently based upon Dr. Weinstein's report.
 {¶ 9} 4. On August 6, 2004, Dr. Weinstein responded to a report from psychologist, Michael Murphy, Ph.D., who had apparently opined that relator does not suffer an anxiety disorder. In his August 6, 2004 report, Dr. Weinstein concluded:
It is important to understand the chronic and life threatening aspect of the allowed medical/respiratory impairment "extrinsic asthma." Ms. Gray is in constant fear of an "attack" resulting in not being able to breath and potential death. She has already been rushed to an emergency room for the original chemical exposure. She stated that even the company doctor told her "you have asthma pretty bad."
I again suggest that as a function of this industrial exposure and the allowed diagnosis of extrinsic asthma, Ms. Gray is suffering from an emotional disorder diagnosable as Anxiety NOS 311.
 {¶ 10} 5. Following a September 3, 2004 hearing, the district hearing officer ("DHO") issued an order additionally allowing the claim for "anxiety disorder" based upon the December 29, 2003 report of Dr. Weinstein.
 {¶ 11} 6. Apparently, the DHO's order of September 3, 2004, was not administratively appealed.
 {¶ 12} 7. On October 4, 2004, on form C-84, Dr. Weinstein certified a period of TTD beginning December 29, 2003, to an estimated return to work date of March 30, 2004. The C-84 certification was based upon the December 29, 2003 examination.
 {¶ 13} 8. On October 8, 2004, relator was initially treated by psychologist, Raymond D. Richetta, Ph.D.
 {¶ 14} 9. On October 19, 2004, relator was again treated by Dr. Richetta. A "psychology casenote" for Donald Jay Weinstein, Ph.D., Inc., indicates that Dr. Richetta performed psychotherapy aimed at reducing anxiety.
 {¶ 15} 10. On October 19, 2004, Dr. Richetta completed a C-84 certifying TTD from December 29, 2003 to an estimated return-to-work date of January 9, 2005 based upon the anxiety disorder. Dr. Richetta signed his own name on the C-84 as the physician of record. However, "Donald Jay Weinstein, Ph.D., Inc." is stamped beneath Dr. Richetta's signature. Apparently, Dr. Richetta's C-84 was filed at the Ohio Bureau of Workers' Compensation ("bureau") on October 21, 2004.
 {¶ 16} 11. Dr. Richetta's C-84 filed October 21, 2004 prompted the bureau to request a written review from Dr. Steinberg. Dr. Steinberg was asked whether the requested disability period is related to the industrial injury.
 {¶ 17} 12. On December 23, 2004, Dr. Steinberg completed his written review of the medical claim file reports. In his report, Dr. Steinberg quotes from the report of Dr. Weinstein.
 {¶ 18} 13. In his December 23, 2004 review, Dr. Steinberg concludes:
Based on my review of the record, within a reasonable degree of medical certainty, Mrs. Gray does not appear to have been disabled in the period from 12-29-03 — 1/19/05. Thus it does not appear to be related to the 6/26/97 injury.
 {¶ 19} 14. On January 10, 2005, the bureau referred the C-84 filed October 21, 2004 to the commission for adjudication. The bureau recommended that the requested compensation be denied based on Dr. Steinberg's report.
 {¶ 20} 15. On January 7, 2005, Dr. Richetta again certified TTD on form C-84 for a period beginning December 29, 2003.
 {¶ 21} 16. At the request of relator's counsel, on January 30, 2005, Dr. Richetta provided a written rebuttal to Dr. Steinberg's review. In his January 30, 2005 report, Dr. Richetta concludes:
[I]t remains my professional opinion Ms. June Gray should be considered temporarily and totally disabled due to her allowed Anxiety Disorder. My opinion is based on my psychotherapy visits with her and based on the record.
 {¶ 22} 17. Dr. Richetta's January 30, 2005 report is written on the letterhead of Donald Jay Weinstein, Ph.D., Inc., which is stated to be "Group Practice Psychology."
 {¶ 23} 18. Following a February 3, 2005 hearing, a DHO issued an order granting TTD compensation beginning December 29, 2003.
 {¶ 24} 19. The bureau administratively appealed the DHO's order of February 3, 2005.
 {¶ 25} 20. Following a March 16, 2005 hearing, a staff hearing officer ("SHO") issued an order vacating the DHO's order. The SHO's order states:
The order of the District Hearing Officer, dated 02/03/2005, is vacated. Therefore, the C-84 request for temporary total compensation, filed 10/21/2004, is granted to the extent of this order.
The Staff Hearing Officer orders that the injured worker be paid temporary total compensation from 10/08/2004 (the date she first saw Dr. Richetta) through 04/06/2005, based on the 01/07/2005 C-84 report of Dr. Richetta. Further temporary total compensation is to be considered upon submission of medical proof.
The Staff Hearing Officer orders that the request for payment of temporary total compensation from 12/29/2003 through 10/07/2004 be denied. Dr. Richetta first saw the injured worker on 10/08/2004 and therefore he is not able to evaluate the injured worker's disability prior to the date he first treated her. The Staff Hearing Officer further finds that the 12/29/2003 and 08/06/2004 reports of Dr. Weinstein which were filed in support of the injured worker's request for an additional psychological allowance are not evidence of temporary total disability as Dr. Weinstein did not evaluate the injured worker's ability to return to her former position of employment (which incidentally was ended by a plant layoff in June, 2003).
 {¶ 26} 21. On April 15, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of March 16, 2005.
 {¶ 27} 22. Relator moved for reconsideration of the SHO's April 15, 2005 refusal order. On May 14, 2005, the commission mailed an order denying reconsideration.
 {¶ 28} 23. On October 31, 2005, relator, June Y. Gray, filed this mandamus action.
Conclusions of Law:
 {¶ 29} The main issue is whether the commission ignored or misapplied the holding in State ex rel. rel. Bowie v. GreaterRegional Transit Auth. (1996), 75 Ohio St.3d 458, in denying relator TTD compensation for the period prior to Dr. Richetta's initial examination of relator on October 8, 2004.
 {¶ 30} Finding that the commission ignored or misappliedBowie, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 31} In Bowie, the commission denied the claimant's request for TTD compensation based in part on a report from Dr. Katz who examined the claimant on July 12, 1990, almost seven months after the industrial injury. In his report, Dr. Katz opined that the claimant "should [not] have been out of work at any time after" the date of injury. Id. at 459. Dr. Katz's retrospective opinion was based upon emergency room records on the date of injury and his examination of the claimant.
 {¶ 32} Concerned that Dr. Katz had not reviewed the reports of the claimant's treating chiropractor, Dr. McFadden, theBowie court wrote:
* * * In this instance, the conspicuous reference to the emergency room reports coupled with the equally conspicuous lack of reference to Dr. McFadden's reports suggests to us that Dr. Katz may have overlooked the latter.
Id. at 460.
 {¶ 33} The Bowie court issued a writ of mandamus returning the cause to the commission for its further consideration of the compensation request after removal of Dr. Katz's report from further evidentiary consideration. The Bowie court explains the law that underpins its decision:
There are parallels between an examining doctor who offers a retroactive opinion and a doctor who renders an opinion as to a claimant's current status without examination. The evidentiary acceptability of the latter is long-settled, having been equated to an expert's response to a hypothetical question. State exrel. Wallace v. Indus. Comm. (1979), 57 Ohio St.2d 55 * * *;State ex rel. Hughes v. Goodyear Tire Rubber Co. (1986),26 Ohio St.3d 71 * * *; State ex rel. Lampkins v. Dayton Malleable,Inc. (1989), 45 Ohio St.3d 14[.] * * *
As in the case of a non-examining physician, however, certain safeguards must apply when dealing with a report that is not based on an examination done contemporaneously with the claimed period of disability. We find it imperative, for example, that the doctor review all of the relevant medical evidence generated prior to that time. * * *
Id. at 460.
 {¶ 34} It should be further noted that under the so-calledWallace rule, State ex rel. Wallace v. Indus. Comm. (1979),57 Ohio St.2d 55, the nonexamining physician is required to accept the findings of the examining physician but not the opinion drawn therefrom. State ex rel. Consolidation Coal Co. v.Indus. Comm. (1997), 78 Ohio St.3d 176, 179.
 {¶ 35} In State ex rel. Lampkins v. Dayton Malleable, Inc.
(1989), 45 Ohio St.3d 14, the court agreed with the appellant that the requirement of express acceptance under the Wallace
rule had been relaxed. The Lampkins court held that "even under an implicit acceptance analysis," the two medical reports at issue were deficient. Id. at 16.
 {¶ 36} Given the above authorities, the issue before the commission was whether Dr. Richetta at least implicitly accepted the findings in Dr. Weinstein's December 29, 2003 report when Dr. Richetta certified TTD on the C-84 filed October 21, 2004. If Dr. Richetta accepted the findings contained in Dr. Weinstein's December 29, 2003 report, then Dr. Richetta was competent underBowie to opine as to relator's disability for the period December 29, 2003 through October 7, 2004. However, the commission never addressed the Bowie issue. Instead, the SHO's order of March 16, 2005 strongly suggests that the commission failed to understand that there are circumstances under which an examining doctor is indeed competent to render an opinion as to disability retrospective of his initial examination.
 {¶ 37} Significantly, the record undisputedly indicates that Dr. Richetta practices with Dr. Weinstein. Thus, access to Dr. Weinstein's report can be inferred.
 {¶ 38} Moreover, Dr. Richetta's selection of December 29, 2003 as the start date for his disability certification cannot be overlooked. Selection of December 29, 2003 as the start date for the disability certification strongly implies that Dr. Richetta relied upon Dr. Weinstein's report for the certification of disability for the period prior to Dr. Richetta's initial examination on October 8, 2004.
 {¶ 39} In the magistrate's view, given that the commission has already determined that Dr. Richetta's C-84 is credible for the period prospective of his initial examination, there is nothing more for the commission to weigh regarding Dr. Richetta's retrospective opinion which is implicitly based upon Dr. Weinstein's December 29, 2003 report — a report which was previously relied upon by the commission in granting the additional claim allowance.
 {¶ 40} Given the above analysis, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate that portion of the SHO's order of March 16, 2005 that denies TTD compensation for the period December 29, 2003 through October 7, 2004, and to enter an amended order additionally awarding TTD compensation for that period.