[Cite as *State ex rel. Glunt Industries, Inc. v. Indus. Comm.*, 132 Ohio St.3d 78, 2012-Ohio-2125.]

THE STATE EX REL. GLUNT INDUSTRIES, INC., APPELLANT, *v.* INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Glunt Industries, Inc. v. Indus. Comm.*,

**132 Ohio St.3d 78, 2012-Ohio-2125.]**

*Workers' compensation—Violation of specific safety requirement—Ohio*
*Adm.Code 4123:1-5-23(A) applies when "equipment to be worked on"*
*has not been isolated from all possible sources of electricity or is not*
*properly grounded—Claimant's failure to request required safety*
*equipment is no defense to failure to provide it.*

(No. 2010-1948—Submitted March 20, 2012—Decided May 16, 2012.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-260,

2010-Ohio-4600.

_____

**Per Curiam**.

**{¶ 1}** Appellee, Thomas E. Hamrick II, has alleged that his employer, appellant Glunt Industries, Inc., committed a violation of a specific safety requirement ("VSSR"). The requirement in question directs employers to supply protective apparatus to employees working on specified electrical equipment. Hamrick asserts that this violation proximately caused his industrial injury, and he now seeks additional workers' compensation benefits for that alleged violation.

**{¶ 2}** On April 19, 2006, Glunt experienced a plantwide power failure, and Hamrick, an electrician, alleges that he was told to investigate. Hamrick went first to the plant's main electrical breaker cabinet. It is undisputed that he was not using or wearing any electrical safety equipment.

**{¶ 3}** The main breaker cabinet housed two separate breakers, each with a separate cover panel that had to be removed in order to access the circuitry

inside. The right side of the breaker had 440/480 volts, and the left side, 4,160. Hamrick denied that the cabinet had high-voltage warning signs or signs specifying the voltage. Hamrick knew that the voltage on the left side was higher than on the right, but he did not know by how much.

{¶ 4} While Hamrick was standing in front of the cabinet, it exploded, and he was seriously injured. The inquiry that followed focused heavily on whether Hamrick had accessed the higher-voltage left side of the breaker cabinet—an action that Glunt claimed was forbidden by company policy. Physical evidence established that the higher-voltage left side of the cabinet was damaged, but it did not conclusively establish that Hamrick had opened the cabinet on that side. Glunt's safety manual, for example, indicated that when two unequal circuits were adjacent, a minor shock from the lower-voltage side could rebound into the higher circuit and cause an explosion.

{¶ 5} Hamrick's memory of events is inconsistent, due at least in part to the massive head trauma he sustained. Hamrick's earliest and most detailed statement of record indicates that he opened the cabinet's higher-voltage left side and inadvertently crossed some wires. A later affidavit disavowed any memory of his actions just before the explosion. Still later, Hamrick testified that he was certain that he had never opened the left panel, only the right.

{¶ 6} Hamrick's VSSR application was heard by a staff hearing officer ("SHO") for appellee Industrial Commission of Ohio. At issue was Ohio Adm.Code 4123:1-5-23(A):

> Unless the electrical conductors or *equipment to be worked on* are isolated from all possible sources of voltage or are effectively grounded, the employer shall provide protective equipment approved for the voltage involved, such as rubber

> gloves with protectors, rubber sleeves, hot line tools, line hose, line guards, insulator hoods, blankets, and access boards.

(Emphasis added.)

{¶ 7} Glunt admitted that with the possible exception of safety gloves, it had not provided Hamrick with the safety equipment required by Ohio Adm.Code 4123:1-5-23(A). Glunt attempted to excuse that failure by arguing that the safety requirement did not apply. It denied that the main breaker cabinet was "equipment to be worked on" within the meaning of Ohio Adm.Code 4123:1-5-23(A), claiming that company policy prohibited any employee—including Hamrick—from working on equipment exceeding 440/480 volts. According to Glunt, Hamrick had been negligent in accessing the main breaker—a claim that, if true, might shield Glunt from VSSR liability.

{¶ 8} Glunt additionally tried to disavow a causal relationship between the absence of safety equipment and Hamrick's injuries. Glunt argued that it would have provided safety equipment if Hamrick had asked for it, and speculated that even if the equipment had been provided, Hamrick would not have used it.

{¶ 9} The SHO granted Hamrick's VSSR application after first determining that Ohio Adm.Code 4123:1-5-23(A) applied. The hearing officer rejected Glunt's contention that the main breaker was not "equipment to be worked on," based on his belief that Glunt had specifically ordered Hamrick to check that breaker on the date of injury.

{¶ 10} In finding that the provision had been violated, the SHO stressed that Ohio Adm.Code 4123:1-5-23(A) imposed a clear duty upon Glunt to provide appropriate safety gear that was not contingent upon the employee's requesting the gear. Glunt's noncompliance, in turn, precluded it from asserting claimant negligence as a defense. Ultimately, the SHO concluded that Glunt's violation

was the proximate cause of Hamrick's injuries and awarded the additional compensation requested.

{¶ 11} After the commission denied reconsideration, Glunt filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in finding a VSSR. The court of appeals disagreed and denied the writ, prompting Glunt's appeal to this court as of right.

{¶ 12} A VSSR award has been characterized as a penalty. *State ex rel. Burton v. Indus. Comm.*, 46 Ohio St.3d 170, 172, 545 N.E.2d 1216 (1989). Thus, the specific safety regulation must be strictly construed in the employer's favor, and all reasonable doubts concerning its applicability must be resolved in the employer's favor. *Id.*

{¶ 13} Ohio Adm.Code 4123:1-5-23(A) applies when the "equipment to be worked on" has not been isolated from all possible sources of electricity or is not effectively grounded. Glunt has argued that the main breaker was not equipment to be worked on because company policy prohibited employees from working on it. The SHO rejected this proposition after he concluded that a Glunt supervisor had ordered Hamrick to investigate the main breaker on the date of injury. There is, however, no evidence supporting this finding. Glunt perceives this error to be fatal. We disagree.

{¶ 14} Glunt believes that Hamrick caused the explosion by opening the higher-voltage left breaker panel. This prompted considerable debate at the hearing as to whether Hamrick was authorized to work on circuitry over 440/480 volts. No one disputes, however, that Hamrick was permitted to service equipment with a voltage of 440/480 or below, which would include the main breaker's right-side circuit. This alone negates Glunt's claim that Hamrick's mere presence at the main breaker cabinet was unauthorized. The evidence, moreover, suggests at least two possible causes for the explosion that implicate the cabinet's

4

lower-voltage right side—the side Hamrick was unquestionably authorized to service.

{¶ 15} We find that Glunt's main breaker cabinet was "equipment to be worked on" that was covered by Ohio Adm.Code 4123:1-5-23(A). We additionally find that Glunt did not satisfy the requirement, because it did not supply Hamrick with "protective equipment approved for the voltage involved." Glunt's claim that Hamrick could have requested safety equipment fails for the reason stated by the SHO. Ohio Adm.Code 4123:1-5-23(A) imposes a clear duty on the employer to supply safety equipment that is not contingent upon employee request.

{¶ 16} Glunt also argues that the absence of safety equipment did not proximately cause Hamrick's injury, because even if it had been available, Hamrick would not have used it. Glunt bases this assertion on Hamrick's statement that he did not need any safety equipment for the task he was performing when he was injured. Glunt's statement, however, is only conjecture, given Hamrick's necessary proximity to a 4,160-volt circuit, and it goes less to proximate cause than it does to the defense of unilateral claimant negligence. This defense, however, is available only if the employer first complies with the applicable safety requirement. *Compare State ex rel. Frank Brown & Sons, Inc. v. Indus. Comm.*, 37 Ohio St.3d 162, 524 N.E.2d 482 (1988) (award denied because employer fully complied with specific safety requirement, and claimant's injury was caused by his own negligence). Glunt cannot take advantage of this defense, since it did not satisfy Ohio Adm.Code 4123:1-5-23(A).

{¶ 17} The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

———————————

Bricker & Eckler, L.L.P., Anne Marie Sferra, and Jennifer A. Flint, for appellant.

Michael DeWine, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee Industrial Commission.

Harrington, Hoppe & Mitchell, Ltd., Kevin P. Murphy, and Matthew G. Vansuch, for appellee Hamrick.

_____