THE STATE EX REL. TURNER CONSTRUCTION COMPANY OF OHIO, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Turner Constr. Co. of Ohio v. Indus. Comm.*, 142 Ohio St.3d 310, 2015-Ohio-1202.]

(No. 2013–2053—Submitted February 3, 2015—Decided April 2, 2015.)

**Per Curiam.**

{¶ 1} Appellant, Turner Construction Company of Ohio, appeals the judgment of the Tenth District Court of Appeals denying Turner's request for a writ of mandamus that would compel appellee Industrial Commission to vacate its award of permanent-total-disability compensation to appellee Raymond L. Stevens Jr.

{¶ 2} The court of appeals concluded that the commission did not abuse its discretion when it awarded Stevens permanent-total-disability compensation based on his psychological condition resulting from his 2007 industrial injury. Consequently, the court concluded that Turner failed to establish that it was entitled to mandamus relief.

{¶ 3} For the reasons that follow, we affirm.

{¶ 4} Stevens had four workers' compensation claims from work-related injuries that occurred in February 1992, June 2005, October 2005, and July 2007. This appeal involves his claim for a 2007 injury that occurred while he was employed as a bricklayer for Turner Construction. His claim was allowed for thoracic strain and major depressive disorder, single episode.

{¶ 5} In 2011, Stevens applied for permanent-total-disability compensation supported by a report from his treating physician, Anil Parikh, M.D. Dr. Parikh opined that Stevens was totally and permanently disabled solely due to his psychiatric condition caused by the July 13, 2007 injury. In addition, Donald Jay Weinstein, Ph.D., a psychologist, evaluated Stevens on behalf of the commission. He also concluded that Stevens was incapable of working due to his psychological condition.

{¶ 6} A staff hearing officer granted Stevens's application and ordered permanent-total-disability compensation to begin September 13, 2011, the date of Dr. Parikh's report. The hearing officer acknowledged the four industrial injuries, but based the decision on the medical opinions of Dr. Parikh and Dr. Weinstein in the 2007 claim and apportioned the cost of the award entirely to that claim.

{¶ 7} Turner objected, asserting that it was error to assign the entire award to the 2007 claim and requesting that the commission vacate the order and reallocate the award. A staff hearing officer denied the request, noting that both Dr. Weinstein and Dr. Parikh had attributed Stevens's inability to work based on his allowed psychological condition in the 2007 claim, "the only claim with a psychological condition." (Emphasis deleted.)

{¶ 8} Turner filed a complaint for a writ of mandamus, alleging that the commission's decision was not based on the evidence and, as such, constituted an abuse of discretion. The court of appeals concluded that the report of Dr. Weinstein was evidence supporting the decision to award permanent-total-disability compensation and allocate the entire award to the 2007 claim. The court denied the writ.

{¶ 9} This matter is before the court on Turner's appeal as of right.

{¶ 10} To be entitled to the extraordinary remedy of mandamus, Turner must establish a clear legal right to the relief requested, a clear legal duty on the part of the commission to provide the relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gen. Motors Corp. v. Indus. Comm.,* 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9.

{¶ 11} We must determine whether the evidence supported the commission's decision to award permanent-total-disability compensation based on the 2007 claim. Turner argues that the psychological condition was the result of Stevens's longstanding complaints of chronic pain caused by multiple conditions that were not all related to his 2007 injury. According to Turner, the commission should reallocate the permanent-total-disability award so that Turner does not bear the entire cost of the award.

{¶ 12} Turner's arguments merely ask the court to reweigh the evidence. But all questions regarding the weight and credibility of the evidence are within the commission's discretion. *State ex rel. Teece v. Indus. Comm.,* 68 Ohio St.2d 165, 169, 429 N.E.2d 433 (1981). It is not the role of a reviewing court to assess the credibility of the evidence. *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 78 Ohio St.3d 176, 177, 677 N.E.2d 338 (1997). So long as the commission's order is supported by some evidence, there is no abuse of discretion and a court must uphold the decision. *State ex rel. Pass v. C.S.T. Extraction Co.,* 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996). In addition, the standard of review in these cases is abuse of discretion, and there is no abuse of discretion where there is some evidence in support of the decision. *Id.*

{¶ 13} Here, Stevens's psychological condition was allowed only in his 2007 claim. The commission added the psychological condition to his claim in 2008. That order was not appealed and became final. Furthermore, there was no evidence that Stevens sought any psychiatric care prior to the 2007 injury. Thus, Turner cannot now argue that Stevens's psychological condition is not the result of his 2007 injury.

{¶ 14} Next, Dr. Weinstein's report provided the requisite evidence to support the permanent-total-disability award. Dr. Weinstein performed a psychological evaluation and reported that, in his opinion, Stevens was not capable of returning

to any form of employment due to his 2007 injury. Thus, the commission did not abuse its discretion when it attributed the entire award to the 2007 claim.

{¶ 15} Turner failed to demonstrate that it was entitled to the extraordinary relief in mandamus. Thus, the court of appeals did not abuse its discretion when it denied the requested writ. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL and KENNEDY, JJ., dissent without opinion.

_____

Reminger Co., L.P.A., Martin T. Galvin, and Marianne Barsoum Stockett, for appellant.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Bevan & Associates L.P.A., Inc., Christopher J. Stefancik, and Anjali A. Mehta, for appellee Raymond L. Stevens Jr.