[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Armstrong Steel Erectors, Inc. v. Indus. Comm.,* Slip Opinion No. 2015-Ohio-4525.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4525

THE STATE EX REL. ARMSTRONG STEEL ERECTORS, INC., APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Armstrong Steel Erectors, Inc. v. Indus. Comm.,* Slip Opinion No. 2015-Ohio-4525.]

*Workers' compensation——Violation of specific safety requirement—Ohio Adm.Code 4123:1-3-03(L)(1)—Safety nets must be provided when use of personal protective equipment to prevent falls is impractical—A gap between a work surface and a safety net violates Ohio Adm.Code 4123:1-3-03(L)(3)—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2014-1150—Submitted July 7, 2015—Decided November 3, 2015.)

APPEAL from the Court of Appeals for Franklin County, No. 13AP-190, 2014-Ohio-2616.

_____

**Per Curiam**.

{¶ 1} This is an appeal of a mandamus case challenging the Industrial Commission's decision to grant an additional workers' compensation award for the employer's violation of a specific safety requirement ("VSSR"). Relator-appellant, Armstrong Steel Erectors, Inc., contends that the commission abused its discretion by finding that Armstrong violated a specific safety requirement, because the employee's injuries were the result of his failure to wear the appropriate personal protective equipment.

{¶ 2} The Tenth District Court of Appeals denied Armstrong's request for a writ of mandamus. Because it determined that the commission's order was supported by some evidence in the record, the court concluded that Armstrong failed to demonstrate an abuse of discretion that would warrant mandamus relief.

{¶ 3} For the reasons that follow, we affirm.

*Facts*

{¶ 4} Respondent-appellee, Frank P. Seidita, was an ironworker employed by Armstrong, a subcontractor on a bridge project on U.S. Route 62 over Andrews Avenue in Youngstown. On April 23, 2009, Seidita was working beneath the bridge decking on top of a concrete pier, welding bearing pads into place. The concrete pier was approximately 25 feet, 6 inches high, 3 to 4 feet wide, and 25 feet long. Another subcontractor on the project had strung chain-link fencing between the bridge piers. The fencing was primarily designed to catch falling debris but also served as a safety net.

{¶ 5} Seidita was working alone, out of the sight of other workers. He was not wearing a safety harness or other fall-prevention equipment. He was kneeling on the concrete pier using a board to pry up a bearing pad when the board broke. Seidita lost his balance and fell to the ground through a gap between the concrete pier and the adjacent chain-link fencing.

**{¶ 6}** Seidita's workers' compensation claim was allowed for numerous injuries sustained in the fall, for which he was compensated. About two years after the incident, he applied for an additional award for a VSSR, alleging that his fall was caused by Armstrong's violation of numerous specific safety regulations.

**{¶ 7}** Following a hearing, a staff hearing officer determined that Ohio Adm.Code 4123:1-3-03(L)(1) and (3), regarding the use of safety nets, applied to the facts. Based on statements made by Seidita, the hearing officer further concluded that it was impractical for Seidita to have used personal protective equipment, such as a safety line or harness, when working atop the concrete pier. The hearing officer found that Seidita's injuries were the proximate result of stepping off the concrete pier and falling through the gap between the fencing and the pier and further found that the gap violated Ohio Adm.Code 4123:1-3-03(L)(1) and (3).

**{¶ 8}** Armstrong filed a complaint and an amended complaint in mandamus, seeking a writ that would compel the commission to vacate its order granting a VSSR award and to refund all additional compensation that had been paid by Armstrong as a result of that award. A magistrate concluded that evidence in the record supported the commission's finding that Seidita's use of personal protection equipment to prevent a fall was impractical under the circumstances. The magistrate accordingly agreed with the commission that Seidita was not unilaterally negligent in failing to use that equipment at the time. Finally, the magistrate concluded that under Ohio Adm.Code 4123:1-3-03(L)(3), safety nets must extend outward from the outermost projection of a work surface and that a gap is not permitted and violates the rule.

**{¶ 9}** Armstrong filed objections to the magistrate's decision. The court of appeals overruled the objections, adopted the magistrate's decision as its own, and denied the writ.

**{¶ 10}** This matter is before the court on Armstrong's appeal as of right.

*Legal Analysis*

{¶ 11} Ohio Adm.Code 4123:1-3-03 sets forth requirements for personal protective equipment for employees, including those in the construction industry exposed to hazards of falling. An employer must provide lifelines, safety belts or harnesses, and lanyards, and it is the employee's responsibility to wear the equipment where the work being performed is more than six feet above the ground. Ohio Adm.Code 4123:1-3-03(J)(1) and (N). An employer may use safety nets in lieu of lifelines and safety belts or harnesses. Ohio Adm.Code 4123:1-3-03(J)(7).

{¶ 12} The commission determined that Armstrong violated Ohio Adm.Code 4123:1-3-03(L)(1) and (3). Those provisions state that where the use of safety lines or safety belts or harnesses is impractical, safety nets must be provided when the workplace is more than 25 feet above the ground, Ohio Adm.Code 4123:1-3-03(L)(1), and that "[s]afety nets shall extend outward from the outermost projection of the work surface," Ohio Adm.Code 4123:1-3-03(L)(3).

{¶ 13} To prevail on its claim for mandamus relief, Armstrong must demonstrate that the commission's decision to issue a VSSR award was an abuse of discretion. So long as some evidence supports the commission's order, there was no abuse of discretion, and the court must uphold the decision. *State ex rel. Turner Constr. Co. v. Indus. Comm.*, 142 Ohio St.3d 310, 2015-Ohio-1202, 29 N.E.3d 969, ¶ 12.

{¶ 14} Armstrong argues that it should not be liable for violating a specific safety requirement when Seidita failed to use the personal protective equipment that Armstrong provided to all workers on the jobsite to protect against falls. Armstrong maintains that it is the responsibility of the employee to properly use the equipment provided and that Seidita's failure to wear the equipment precluded placing any liability for a VSSR on Armstrong.

{¶ 15} Armstrong concedes that conflicting testimony was presented as to whether it was necessary for Seidita to use protective equipment at the time he was

injured. Several Armstrong employees stated that company policy required Seidita to use the equipment, while Seidita maintained that it was unnecessary for him to wear the equipment while he was working atop the concrete pier, because the safety net was in place to prevent falls.

{¶ 16} Questions regarding the weight and credibility of the evidence are within the discretion of the commission as the exclusive fact-finder. *Turner Constr. Co.*, 142 Ohio St.3d 310, 2015-Ohio-1202, 29 N.E.3d 969, at ¶ 12; *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165, 169, 429 N.E.2d 433 (1981). Here, the commission's hearing officer stated that Seidita's testimony at the hearing established that "his work area was merely a crawl space" and that he was often required "to actually roll out onto the safety netting" in order to weld plates together. The hearing officer also noted that just prior to his fall, Seidita, while "in a squatting position * * * shifted his body to weld in a hard to reach area." This constituted some evidence supporting the commission's conclusion that it would have been impractical for Seidita to use a safety harness or belt.

{¶ 17} When the use of personal protective equipment is impractical, the employer must in certain circumstances provide a safety net as fall protection. Ohio Adm.Code 4123:1-3-03(L)(1). In this situation, the employer cannot transfer its responsibility to the claimant under the unilateral-negligence defense. The defense is available only if the employer has first complied with the applicable safety regulation. *State ex rel. Glunt Industries, Inc. v. Indus. Comm.*, 132 Ohio St.3d 78, 2012-Ohio-2125, 969 N.E.2d 252, ¶ 16; *State ex rel. Quality Tower Serv., Inc. v. Indus. Comm.*, 88 Ohio St.3d 190, 192-193, 724 N.E.2d 778 (2000).

{¶ 18} Armstrong also contends that there was no evidence before the commission that the chain-link fencing failed to comply with Ohio Adm.Code 4123:1-3-03(L)(3). Armstrong did not object to the magistrate's conclusion on this issue, and thus, Armstrong waived any error for purposes of appellate review. *State*

*ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3; Civ.R. 53(D)(3)(b)(iv).

{¶ 19} The interpretation of a specific safety requirement is a matter for the commission's determination and may be corrected in mandamus only upon a showing that the commission abused its discretion. *State ex rel. Roberts v. Indus. Comm.*, 10 Ohio St.3d 1, 4, 460 N.E.2d 251 (1984). Armstrong has failed to demonstrate that the commission abused its discretion when it issued a VSSR award, and the court of appeals properly denied Armstrong's request for a writ of mandamus. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

—————————

Ice Miller, L.L.P., Corey V. Crognale, and Jennifer McDaniel, for appellant.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Heller, Maas, Moro & Magill Co., L.P.A., Joseph A. Moro, and Robert J. Foley Jr., for appellee Frank P. Seidita.

—————————