THE STATE EX REL. RECORDS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Records v. Indus. Comm.* (1996), 74 Ohio St.3d 256.]

(No. 94–975—Submitted October 24, 1995—Decided January 10, 1996.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda L. Barnes,* Assistant Attorney General, for appellee.

---

*Per Curiam.* Claimant seeks to compel the award of permanent total·disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission seeks to uphold its order as is. Because review favors the latter, we affirm the judgment of the court of appeals.

Most of the claimant's propositions of law can be summarily disposed of:

1. Proposition of Law II(A). Contrary to claimant's contention, the commission did specifically state why claimant was not entitled to permanent total disability compensation as directed by *State ex rel. Hartung v. Columbus* (1990), 53 Ohio St.3d 257, 560 N.E.2d 196. The order expressly found claimant capable of sustained remunerative employment.

2. Propositions of Law II(B) and (C). We hold that the commission used the proper standard—inability to perform sustained remunerative employment—in evaluating permanent total disability compensation.

3. Proposition of Law II(D). Contrary to appellant's contention, the commission did not deny compensation because claimant has nonallowed health problems; it merely noted their presence.

4. Proposition of Law IV. It is not the case that the commission ignored Riccio's vocational report. The order specifically indicated the report was considered.

5. Proposition of Law V. We have previously held that a lack of commission permanent total disability compensation guidelines does not constitute a due-process violation. *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23. Appellant's argument otherwise thus lacks merit.

Claimant's remaining propositions of law are attacks on the commission's interpretation of the nonmedical evidence on which the success of claimant's application for compensation hinges. As to the medical evidence, claimant does not seriously dispute the commission's conclusion that he can do sedentary labor. Claimant, however, views his age (fifty-six when permanent total disability compensation was denied), education (GED) and work experience negatively. The commission disagreed. The commission also viewed claimant's supervisory tenure at the plant as an asset, whereas the claimant dismisses this factor as insignificant.

*Gay* relief is appropriate only where the evidence compels but one conclusion. That is not the case here. Claimant's age and education are not inherently employment-obstructive. As to the claimant's work history, it was the commission's prerogative to assign a higher value to claimant's supervisory experience than did claimant. The commission is the ultimate evaluator of both disability and evidentiary weight and credibility. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946; *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

As the appellate court observed, although the commission's explanation of its reasoning is not perfect, it is "one that is based upon evidence in the record and one that does give some explanation for its conclusion." We, therefore, find that the commission complied with *Stephenson, Burley,* and *State ex rel. Noll v. Indus. Comm.* (1990), 57 Ohio St.3d 203, 567 N.E.2d 245.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.