THE STATE EX REL. PASS, APPELLANT, *v.* C.S.T. EXTRACTION
COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Pass v. C.S.T. Extraction
Co.* (1996), 74 Ohio St.3d 373.]

(No. 94–893—Submitted September 26, 1995—Decided January 24, 1996.)

*Barkan & Neff, L.P.A.,* and *David E. Pryor,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Melanie Cornelius,* Assistant Attorney General, for appellee.

WRIGHT, J.   Two questions are presented:  (1) Does the commission's order satisfy *Noll, supra?* and (2) Is claimant entitled to a writ of mandamus compelling permanent total disability compensation consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, if *Noll* has not been met?   For the reasons to follow, we answer both questions in the negative.

*Noll* directs the commission to prepare orders that "are fact-specific and which contain reasons explaining its decisions.  * * * Such order must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision."   *Noll,* 57 Ohio St.3d at 206, 567 N.E.2d at 249.

In this case, the order's explanation is deficient because it raises doubt as to whether all the allowed conditions were considered.   Although the commission cited the report of Dr. Holbrook, denial was clearly premised on the reports of Drs. Howard and Kackley.   Dr. Howard considered claimant's psychological condition.   Dr. Kackley considered claimant's allowed physical conditions, but only in claimant's 1974 claim.   The conditions arising out of claimant's 1975 claim, particularly "upper back," "both arms" and "neck," were apparently overlooked.

Having, therefore, found *Noll* noncompliance, we turn to the question of appropriate relief.   Upon review, we find that relief pursuant to *Gay* is inappropriate.

*Gay* relief is clearly premature where there is doubt as to whether the commission considered all allowed conditions.   *State ex rel. Jarrett v. Indus. Comm.* (1994), 69 Ohio St.3d 127, 630 N.E.2d 699; *State ex rel. Roy v. Indus. Comm.* (1995), 74 Ohio St.3d 259, 658 N.E.2d 293.   A return for further consideration and amended order is the proper remedy for such a defect, and that is our disposition here.

Unfortunately, this case is but one of a skyrocketing number of cases in which *Gay* relief is sought, and this fact suggests a serious misunderstanding of our decision in *Gay*. We, therefore, take this opportunity to clarify *Gay* in several key respects.

First, *Gay* did not abandon the "some evidence" rule articulated in *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. An order that is supported by "some evidence" will be upheld. It is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's.

Second, *Gay* is not an occasion for *de novo* evidentiary review. *Gay* relief is mandamus relief, the standard for which, in extent of disability cases, is an abuse of discretion. *State ex rel. Rouch v. Eagle Tool & Machine Co.* (1986), 26 Ohio St.3d 197, 26 OBR 289, 498 N.E.2d 464. There is no abuse of discretion where there is "some evidence" in support.

Third, *Gay* did *not* set aside our policy of deferring to the commission's expertise in disability matters. If, for example, the commission does not consider the claimant's age to be an obstacle to reemployment or retraining, and its reasoning is adequately explained, we will defer to its judgment. In the same vein, we will not depart from the principle that the commission *alone* is responsible for evaluating evidentiary weight and credibility. *Burley*, 31 Ohio St.3d at 20–21, 31 OBR at 72, 508 N.E.2d at 938. The commission's decision to find one medical report more persuasive than another, for example, will not be second-guessed.

*Gay* relief was intended as a *narrow* exception to the general rule of returning *Noll*-deficient orders to the commission. Relief is to issue only in extraordinary circumstances, and we recognize, in retrospect, that some of our decisions in which *Gay* relief has been awarded may appear to have weakened these standards. We, therefore, hold that *Gay* relief will be granted only in extraordinary circumstances revealing an abuse of discretion.

We thus deny claimant's request for a full writ of mandamus pursuant to *Gay*. We instead issue a limited writ of mandamus vacating the commission's order and returning the cause to the commission for consideration of allowed conditions. This is to be followed by a reasoned and factually specific amended order as mandated by *Noll*.

Accordingly, the judgment of the court of appeals is reversed and a limited writ is allowed consistent with this opinion.

*Judgment reversed*
*and limited writ allowed.*

MOYER, C.J., PFEIFER and COOK, JJ., concur.

COOK, J., concurs separately.

DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.

RESNICK, J., dissents.

COOK, J., concurring.   Dr. Holbrook's report could have served as the requisite "some evidence" supporting the denial of permanent total disability compensation in this case if the commission had referenced Dr. Holbrook's findings in its rationale.   It did not do so, perhaps because Dr. Holbrook concluded in his combined effects review that this claimant was seventy percent permanently partially impaired with an ability to do "low stress sedentary work," as compared with the significantly lower percentage and the "light work" conclusion of Dr. Kackley.   If Dr. Holbrook's conclusion had been reviewed in light of John Kilcher's vocational assessment, the commission's conclusion may have been different.   As it happened, the commission devalued the vocational assessment of Kilcher for the reason that the assessment used Dr. Holbrook's conclusion as its premise.

Without Dr. Holbrook's report, the deficiency of Dr. Kackley's report is fatal to compliance with the *Noll* requirements.