THE STATE EX REL. MCCOMAS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. McComas v. Indus. Comm.* (1997), 77 Ohio St.3d 362.]

---

(No. 94–2299—Submitted September 24, 1996—Decided January 22, 1997.)

364

Kondritzer, Gold, Frank & Crowley Co., L.P.A., and *Edward C. Ahlers*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Debra J. Randman*, Assistant Attorney General, for appellee.

---

*Per Curiam.* We are once again asked to review the commission's order for compliance with our directives in *State ex rel. Noll, supra.* In this case, the claimant does not seriously dispute the commission's conclusion that he can do light work. Our analysis turns, therefore, on the commission's interpretation of claimant's nonmedical factors. Upon review, we find that the commission's order is again inadequate.

The most obvious deficiency is the commission's failure to discuss claimant's age (sixty-five). In *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 417, 662 N.E.2d 364, 366, we stressed:

"[T]he commission's responsibility [is] to affirmatively address the age factor. It is not enough for the commission to just acknowledge claimant's age. It must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects."

The commission's analysis of claimant's work history and education, as presented, makes little sense. The commission wrote:

"While the claimant has only a 6th grade education and limited work history[,] the Commission finds that the claimant's ability to function as a carpenter and 6th grade education represent that he has the minimum capacity to perform light duty levels of employment. The Commission further finds that the claimant's ability to work as a carpenter for an extended period of time also represents that the claimant would be capable of sustaining vocational retraining, whether it be pre-employment or on-the-job basis, in an attempt to return him to the active work force."

The commission's reliance on claimant's ability to work as a carpenter is an abuse of discretion, since the claimant can no longer do that kind of work. The order also does not explain how claimant's sixth-grade education facilitates light-duty work. It says only that because claimant has a sixth-grade education, he can do light-duty work. This seems irreconcilable with the earlier implication in the order that claimant's education was a liability.

If the present order were the first one issued by the commission in this case, a return for further consideration and amended order would be the preferred remedy. The history of this claim, however, removes this from consideration as a viable remedial option. The commission has had three opportunities over a four-year period to produce a *Noll*-compliant order and has failed to do so. As such, we are not persuaded that a fourth try will yield different results.

This persistent inability to produce a defensible denial order suggests a result consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. If the commission cannot justify its denial of permanent total disability compensation, it may be because such a denial cannot be justified.

Accordingly, the judgment of the court of appeals is reversed, and a writ of mandamus is granted consistent with our decision in *Gay*.

*Judgment reversed*
*and writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and STRATTON, JJ., dissent.

COOK, J., dissenting. Because I believe the majority's opinion unnecessarily enlarges the availability of *Gay* relief, I respectfully dissent.

As we stated in *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055, syllabus: "Relief pursuant to *State ex rel. Gay v. Mihm* * * * will be granted only in extraordinary circumstances revealing an abuse of discretion." (Citation omitted.) "*Gay* relief is appropriate only where the evidence compels but one conclusion." *State ex rel. Records v. Indus. Comm.* (1996), 74 Ohio St.3d 256, 259, 658 N.E.2d 290, 292. Where, however, the record reveals merely conflicting evidence or omitted information, *Gay* relief is inappropriate. *State ex rel. Consol. Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 247, 658 N.E.2d 278, 282.

In today's opinion, the majority awards *Gay* relief not because the Industrial Commission abused its discretion in failing to award permanent total disability compensation where clearly appropriate, but because, despite repeated attempts, the commission has failed to issue an order in compliance with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

For *Gay* relief to be appropriate, the only reasonable view of the evidence before the commission must demonstrate the claimant's entitlement to permanent total disability compensation. In other words, to award *Gay* relief a court must affirmatively conclude that the commission's denial of permanent total disability is not supported by "some evidence." See *State ex rel. Pass, supra,* at 376, 658 N.E.2d at 1057.

Because this record demonstrates just that the commission's order is *Noll* deficient, I would affirm the judgment of the court of appeals.

MOYER, C.J., and STRATTON, J., concur in the foregoing dissenting opinion.

STRATTON, J., dissenting. I respectfully dissent. The claimant does not dispute that he can perform light-duty work. This court's consideration of age as the significant factor in its granting of permanent total disability benefits results in discrimination against the younger worker with the same disability. Workers' compensation statutes do not provide that age be the sole determining factor for awarding disability benefits when all other factors are equal.

This court has not abandoned the "some evidence" rule articulated in *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055. The record below contains "some evidence" to support the Industrial Commission's order. Therefore, I would affirm the judgment of the court of appeals.