[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 362.]

THE STATE EX REL. MCCOMAS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

**[Cite as State ex rel. McComas v. Indus. Comm., 1997-Ohio-64.]**

*Workers' compensation—Industrial Commission's order denying permanent*

*total disability compensation not in compliance with Noll, when.*

(No. 94-2299—Submitted September 24, 1996—Decided  January 22, 1997.)

Appeal from the Court of Appeals for Franklin County, No. 93APD11-1573.

_____

**{¶ 1}** Appellant-claimant, Charles M. McComas, was injured in 1978 in the course of and arising from his employment with TCS Contracting.  His workers' compensation claim was allowed for "injury to left heel and foot; comminuted closed fracture of the oscalcis, left; subtalar arthritis; post-traumatic degenerative disease of the subtalar joint of the left foot; strain of left SI joint."  He had five surgeries performed for these conditions.

**{¶ 2}** In March 1989, claimant moved appellee, Industrial Commission of Ohio, for permanent total disability compensation, which application the commission denied.   The commission granted claimant's request for reconsideration, fearing that its order may not have complied with the directives of the newly issued decision in *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

**{¶ 3}** The commission issued a second order in October 1991 and again denied compensation.  Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, which resulted in a return of the cause to the commission for further consideration and amended order pursuant to *Noll*.

**{¶ 4}** The commission issued a third order in August 1993, which read:

"* * * The order is based particularly upon the reports of Doctor(s) Hanington, evidence in the file and/or evidence adduced at the hearing.

"In April of 1978, the claimant sustained the above allowed conditions after he fell from a ladder. Review of the allowances reflect[s] that the claimant sustained only an injury to the left heel and foot. Treatment included immediate open reduction after the injury and five subsequent surgeries, including a fusion in 1987, in an attempt to correct the residuals to the left foot. Since the last surgery in 1987, the claimant has been treated conservatively on an anti-inflammatory basis and still uses a cane to ambulate. On the basis of this history, the claimant was certified to be permanently and totally disabled by Dr. LeVan. The claimant was subsequently examined by Drs. Amendt and McCloud and then after the allowance of the SI joint, Dr. Hanington also examined the claimant with respect to permanent and total disability. Dr. Hanington found the claimant to have a 29% total body impairment from the allowed conditions in the claim with the following limitations: avoid activities that involve repetitive bending, stooping, lifting, squatting or carrying of weights in excess of 20 lbs; avoid activities that involve prolonged walking or standing. Dr. Hanington noted [that] the claimant would have no difficulty using his upper extremities nor would he have any difficulty with sitting, walking or standing as long as it was required for short periods of time throughout the work day on an alternating basis.

"When the report of Dr. Hanington is compared with the report[s] of Drs. McCloud and Amendt, as well as that of Dr. LeVan, the Commission finds that claimant retains the residual functional capacity to perform light duty to sedentary levels of employment. Accordingly, the Commission finds that the claimant is not permanently and totally impaired. Review of the claimant's vocational history and non-medical disability factor presentation further leads the Commission to conclude that the claimant is, in fact, not permanently and totally disabled. While the claimant has only a 6th grade education and limited work history[,] the

2

Commission finds that the claimant's ability to function as a carpenter and 6th grade education represent that he has the minimum capacity to perform light duty levels of employment. The Commission further finds that the claimant's ability to work as a carpenter for an extended period of time also represents that the claimant would be capable of sustaining vocational retraining, whether it be pre-employment or on-the-job basis, in an attempt to return him to the active work force. In the [*sic*] regard, the report of Mr. Farrell, Vocational Consultant, is not found persuasive as it fails to account for the claimant's return to light duty work activity and is based primarily upon an assessment of the claimant's local ecomony [*sic*]. Accordingly, the Commission finds that the claimant is not precluded from all sustained remunerative employment such that the application for Permanent and Total is denied."

{¶ 5} Claimant thereupon filed a second complaint in mandamus in the court of appeals, and again the court returned the cause for *Noll* compliance.

{¶ 6} This cause is now before this court upon an appeal as of right.

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Edward C. Ahlers*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Debra J. Randman*, Assistant Attorney General, for appellee.

————————————

*Per Curiam*.

{¶ 7} We are once again asked to review the commission's order for compliance with our directives in *State ex rel. Noll, supra*. In this case, the claimant does not seriously dispute the commission's conclusion that he can do light work. Our analysis turns, therefore, on the commission's interpretation of claimant's nonmedical factors. Upon review, we find that the commission's order is again inadequate.

**{¶ 8}** The most obvious deficiency is the commission's failure to discuss claimant's age (sixty-five). In *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 417, 662 N.E.2d 364, 366, we stressed:

"[T]he commission's responsibility [is] to affirmatively address the age factor. It is not enough for the commission to just acknowledge claimant's age. It must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects."

**{¶ 9}** The commission's analysis of claimant's work history and education, as presented, makes little sense. The commission wrote:

"While the claimant has only a 6th grade education and limited work history[,] the Commission finds that the claimant's ability to function as a carpenter and 6th grade education represent that he has the minimum capacity to perform light duty levels of employment. The Commission further finds that the claimant's ability to work as a carpenter for an extended period of time also represents that the claimant would be capable of sustaining vocational retraining, whether it be pre-employment or on-the-job basis, in an attempt to return him to the active work force."

**{¶ 10}** The commission's reliance on claimant's ability to work as a carpenter is an abuse of discretion, since the claimant can no longer do that kind of work. The order also does not explain how claimant's sixth-grade education facilitates light-duty work. It says only that because claimant has a sixth-grade education, he can do light-duty work. This seems irreconcilable with the earlier implication in the order that claimant's education was a liability.

**{¶ 11}** If the present order were the first one issued by the commission in this case, a return for further consideration and amended order would be the preferred remedy. The history of this claim, however, removes this from consideration as a viable remedial option. The commission has had three opportunities over a four- year period to produce a *Noll*-compliant order and has

4

failed to do so. As such, we are not persuaded that a fourth try will yield different results.

{¶ 12} This persistent inability to produce a defensible denial order suggests a result consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St. 3d 315, 626 N.E.2d 666. If the commission cannot justify its denial of permanent total disability compensation, it may be because such a denial can not be justified.

{¶ 13} Accordingly, the judgment of the court of appeals is reversed, and a writ of mandamus is granted consistent with our decision in *Gay.*

*Judgment reversed*
*and writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 14} Because I believe the majority's opinion unnecessarily enlarges the availability of *Gay* relief, I respectfully dissent.

{¶ 15} As we stated in *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055, syllabus: "Relief pursuant to *State ex rel. Gay v. Mihm* *** will be granted only in extraordinary circumstances revealing an abuse of discretion." (Citation omitted.) "*Gay* relief is appropriate only where the evidence compels but one conclusion." *State ex rel. Records v. Indus. Comm.* (1996), 74 Ohio St.3d 256, 259, 658 N.E.2d 290, 292. Where, however, the record reveals merely conflicting evidence or omitted information, *Gay* relief is inappropriate. *State ex rel. Consol. Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 247, 658 N.E.2d 278, 282.

{¶ 16} In today's opinion, the majority awards *Gay* relief not because the Industrial Commission abused its discretion in failing to award permanent total disability compensation where clearly appropriate, but because, despite repeated

attempts, the commission has failed to issue an order in compliance with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 17} For *Gay* relief to be appropriate, the only reasonable view of the evidence before the commission must demonstrate the claimant's entitlement to permanent total disability compensation. In other words, to award *Gay* relief a court must affirmatively conclude that the commission's denial of permanent total disability is not supported by "some evidence." See *State ex rel. Pass, supra,* at 376, 658 N.E.2d at 1057.

{¶ 18} Because this record demonstrates just that the commission's order is *Noll* deficient, I would affirm the judgment of the court of appeals.

MOYER, C.J., and STRATTON, J., concur in the foregoing dissenting opinion.

———————————

**STRATTON, J., dissenting.**

{¶ 19} I respectfully dissent. The claimant does not dispute that he can perform light-duty work. This court's consideration of age as the significant factor in its granting of permanent total disability benefits results in discrimination against the younger worker with the same disability. Workers' compensation statutes do not provide that age be the sole determining factor for awarding disability benefits when all other factors are equal.

{¶ 20} This court has not abandoned the "some evidence" rule articulated in *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055. The record below contains "some evidence" to support the Industrial Commission's order. Therefore, I would affirm the judgment of the court of appeals.

———————————