DECISION
{¶ 1} Frank Alston filed this action in mandamus seeking a writ to compel the Industrial Commission of Ohio ("commission") to grant him two additional periods of temporary total disability ("TTD") compensation.
 {¶ 2} The case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued *Page 2 
a magistrate's decision which contained detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we deny the requested relief.
 {¶ 3} Counsel for Frank Alston has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
 {¶ 4} Mr. Alston suffered exposure to asbestos while he was employed by LTV Steel Company. He has not worked since 1997.
 {¶ 5} On July 13, 1999, Mr. Alston filed his First Report of an Injury, Occupational Disease or Death. This form is commonly referred to as an FROI. Recognition of his asbestos as a medical condition for purposes of workers' compensation took over six years. The Trumbull County Court of Common Pleas journalized a judgment entry on November 21, 2005, which recognized "asbestos related plural disease" as a condition for Mr. Alston.
 {¶ 6} In early December 2005, a motion seeking payment of TTD compensation from May 1, 1997 onward was filed. The commission denied TTD compensation for all periods more than two years before the filing of the motion based upon R.C. 4123.52. The commission refused to grant TTD compensation for the period December 5, 2003 through November 17, 2005 based upon a finding that Mr. Alston had failed to prove that he was temporarily totally disabled for that period. The commission granted TTD compensation from November 17, 2005 onward. *Page 3 
 {¶ 7} Counsel for Mr. Alston contests the finding of the commission that R.C. 4123.52 bars payment of TTD compensation for any period of time in excess of two years before the filing of the formal motion requesting TTD compensation. Counsel argues that the filing of the FROI should be construed as a filing for TTD compensation, thereby tolling the times for recovery of TTD compensation. Counsel's argument about tolling the time limit under R.C. 4123.52 is not persuasive.
 {¶ 8} Mr. Alston was 70 years of age when his asbestos condition was finally recognized for purpose of workers' compensation. Mr. Alston was 62 years of age when he stopped working. No one was on notice that he was seeking TTD compensation merely because he asked to have his asbestosis recognized for purposes of workers' compensation through the filing of an FROI. The commission correctly resolved the issue of the application of R.C. 4123.52.
 {¶ 9} The more challenging issue is the issue of Mr. Alston's entitlement to TTD compensation from December 5, 2003 through November 17, 2005. This issue requires a more detailed analysis.
 {¶ 10} On December 2, 2005, counsel for Mr. Alston signed the formal motion requesting payment of TTD compensation. As noted above, the commission denied TTD compensation for the period December 5, 2003 through November 17, 2005 based upon a finding that insufficient medical evidence was before the commission to establish entitlement to TTD compensation for that time frame. Our initial challenge is to determine what evidence was actually before the commission at the time the commission made its finding. *Page 4 
 {¶ 11} The first hearing on the motion seeking TTD compensation was held before a district hearing officer ("DHO") on February 9, 2006. The order denying TTD compensation based on the February 9, 2006 hearing indicate only that C-84 reports from David Davis, M.D., were provided as evidence. The first report indicates that Mr. Alston was 70 years old, drawing social security retirement benefits and had reached maximum medical improvement ("MMI"). The DHO mentioned a C-84 report dated January 24, 2006, only part of which is in the record before the court marked as "corrected copy." The January C-84 indicates that Mr. Alston had not reached MMI because he required additional therapy from Dr. Davis and from his pulmonologist due to shortness of breath.
 {¶ 12} Given the conflicting C-84s, the DHO could legitimately conclude that counsel for Mr. Alston had failed to sufficiently document entitlement to TTD compensation before the DHO.
 {¶ 13} The motion was next reviewed before a staff hearing officer ("SHO"). A third C-84 report from Dr. Davis was now in the file, but no additional medical information on behalf of Mr. Alston. The SHO found that the evidence for the period of treatment prior to November 17, 2005 was insufficient to establish that Mr. Alston was entitled to TTD compensation prior to November 17, 2005, but sufficient to establish entitlement from November 17, 2005 onward. The SHO balanced the C-84 report of Dr. Davis against a C-30 report of Dr. Alan Cropp who had been treating Mr. Alston for his pulmonary problem since June 1996. Dr. Cropp reported on November 3, 2003 that Mr. Alston was not disabled from employment, but that Mr. Alston's prognosis was "guarded." *Page 5 
 {¶ 14} The court cannot find that the SHO made an unreasonable factual determination based upon the limited information before him.
 {¶ 15} A request for reconsideration was filed but the commission refused reconsideration based upon Industrial Commission Resolution No. R05-1-02. Again, the commission's finding that the requirements for reconsideration, as set forth in R05-1-02, were not met, is reasonable.
 {¶ 16} Based upon the stipulated evidence before us, we cannot fault the commission's findings as to either period of TTD compensation for which Mr. Alston now seeks relief.
 {¶ 17} We overrule the objections to the decision of the magistrate. We adopt the findings of fact and conclusions of law set forth in the magistrate's decision. As a result, we deny the requests for a writ of mandamus.
Objections overruled; writ of mandamus denied.
 BROWN and FRENCH, JJ., concur. *Page 6 
 APPENDIX A MAGISTRATE'S DECISION {¶ 18} Relator, Frank Alston, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate that portion of its order which denied relator's request for the payment of temporary total disability ("TTD") compensation from May 1, 1997 through *Page 7 
December 4, 2003 and from December 5, 2003 through November 17, 2005, and ordering the commission to find that he is entitled to that compensation for those time periods.
Findings of Fact: {¶ 19} 1. On July 13, 1999, relator filed a First Report of an Injury, Occupational Disease or Death ("FROI") application alleging that he had contracted asbestosis during the course of his employment with respondent LTV Steel Co. Relator listed March 2, 1996 as the date of injury/disease. Relator did not provide any other dates of employment including the failure to note when he last worked.
 {¶ 20} 2. Relator's workers' compensation claim was denied administratively.
 {¶ 21} 3. Relator timely filed an appeal to the Trumbull County Court of Common Pleas. In a judgment entry date stamped November 21, 2005, relator's claim was allowed for asbestosis.
 {¶ 22} 4. On November 17, 2005, David Davis, M.D., completed a C-84 form indicating that relator was last seen on November 17, 2005, and certifying that relator was temporarily and totally disabled beginning May 1, 1997. On that C-84, Dr. Davis indicated that relator had reached maximum medical improvement ("MMI") as of February 2000.
 {¶ 23} 5. On December 8, 2005, relator filed a C-86 motion requesting the payment of TTD compensation beginning May 1, 1997 through November 30, 2006, based upon the C-84 prepared by Dr. Davis. Relator also attached various medical records to his motion. *Page 8 
 {¶ 24} 6. Relator's motion for TTD compensation was heard before a district hearing officer ("DHO") on February 9, 2006, and resulted in an order denying all of the requested periods of TTD compensation. The DHO gave the following reasons for denying compensation:
 Temporary total disability compensation is denied through the date of hearing, 02/09/2006. Pursuant to the judgment entry of the Trumbull County Court of Common Pleas, this claim is allowed for "ASBESTOSIS RELATED PLEURAL DISEASE." There are two C-84 reports in file from Dr. Davis in support of this request for temporary total disability compensation. The first C-84 report, dated 11/17/2005, opines that the Injured Worker has reached maximum medical improvement. This C-84 report lists only the condition of asbestosis as that which disables the Injured Worker. The other C-84 report in file from Dr. Davis is dated 01/24/2006. This C-84 report is labeled "corrected copy." Although there is a brief explanation why Dr. Davis no longer considers the Injured Worker to have reached maximum medical improvement, there is no explanation for the change in disabling conditions. The 01/24/2006 report lists both Asbestosis and Pleurisy as disabling conditions. There is no evidence in the file that the Injured Worker is disabled as the result of "asbestosis related pleural disease." Furthermore, the Hearing Officer finds the opinion of Dr. Davis to be unpersuasive as there is no explanation for the inconsistent diagnoses on the C-84 report.
 {¶ 25} 7. Relator appealed and attached additional information. First, relator attached his own affidavit dated March 8, 2006, wherein he explained that he has been receiving treatment for his condition since March 17, 1996, and that he underwent surgery on March 13, 2000. Relator also attached the March 15, 2006 report of Waleed N. Mansour, M.D., who stated that, in his opinion, relator should be paid TTD compensation from May 1, 1997 through the present and continuing because relator is unable to participate in any and all of his pre-injury positions of employment. *Page 9 
 {¶ 26} 8. The matter was heard before a staff hearing officer ("SHO") on March 29, 2006. The SHO denied relator's request for TTD compensation for the period of May 1, 1997 through December 4, 2003, pursuant to R.C. 4123.52 which provides that the commission shall not make any award for back period in excess of two years prior to the date of the filing of the application. The SHO noted that relator's request for compensation was filed December 5, 2005. The SHO also denied the request for TTD compensation for the period December 5, 2003 through November 17, 2005, because the SHO found there was insufficient medical evidence to establish by a preponderance that the allowed conditions in the claim independently resulted in relator's disability during that time frame. Specifically, the SHO noted:
 * * * [T]here are no office records of Dr. Davies [sic] in file to establish that he examined and/or treated the claimant during this above time frame. Thus, the C-84 opinion of Dr. Davies [sic] that the allowed conditions independently resulted in the claimant being temporarily and totally disabled during this period of time is not found to be persuasive. To the contrary, a C-30 report of Dr. Cropp dated 11/03/2003 opines that there is no disability related to the respiratory disorders associated with this claim. Given this evidence, the Staff Hearing Officer is not persuaded that claimant has established his requisite burden of proof with respect to this extent of disability issue.
 {¶ 27} 9. Relator's appeal was refused by order of the commission mailed April 27, 2006.
 {¶ 28} 10. Relator's request for reconsideration was denied by order of the commission mailed July 1, 2006.
 {¶ 29} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: *Page 10 {¶ 30} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 31} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A); State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630.
 {¶ 32} With regards to the first period of TTD compensation which was denied, from May 1, 1997 through December 4, 2003, relator contends that the commission *Page 11 
misapplied R.C. 4123.52. Relator cites State ex rel. General Refractories Co. v. Indus. Comm. (1989), 44 Ohio St.3d 82, where the Supreme Court of Ohio found that a motion requesting further allowance was in fact sufficient and could be construed as an application for compensation within the meaning of R.C. 4123.52. Relator contends that his FROI application filed July 13, 1999, was sufficient and should have been construed as an application for compensation within the purview of R.C. 4123.52. For the reasons that follow, this magistrate disagrees.
 {¶ 33} In the General Refractories case, the claimant was injured on December 1, 1981, and his claim was originally allowed for left inguinal strain. Thereafter, in March 1982, the claimant's physician indicated that the claimant had developed an aseptic necrosis as a result of the industrial injury and that this condition would prevent the claimant from returning to work until approximately May 2, 1982. The employer responded, by letter dated May 4, 1982, indicating that compensation would not be paid because necrosis was not an allowed condition. Thereafter, on June 23, 1983, the claimant filed a motion requesting that his claim be additionally allowed for necrosis and submitted the reports of his treating physician. Following the hearing, the claimant's claim was allowed for the additional condition.
 {¶ 34} Thereafter, on May 15, 1985, the claimant filed another motion requesting the payment of TTD compensation from March 16, 1982 through August 15, 1985. The commission granted the request and ordered TTD compensation paid from March 16, 1982. *Page 12 
 {¶ 35} Ultimately, the matter was heard before the Supreme Court of Ohio which identified the sole issue as "whether appellee-claimant's motion of June 23, 1983 for allowance of an additional condition of `[a]septic necrosis right femoral head' could be construed as an application for compensation within the meaning of R.C. 4123.52." Id. at 83. The court specifically noted that the character of the claimant's application is to be determined not only from its contents, but also from the nature of the relief requested and how the parties treated the application. The court noted that this view follows the longstanding position of liberally interpreting the workers' compensation act in favor of injured workers.
 {¶ 36} The court specifically noted that the employer knew at the time claimant requested the additional condition that he had not been working at least since March 16, 1982. The court pointed to the May 4, 1982 letter from the employer denying the additional condition and denying the payment of compensation. The court concluded that the parties treated the application for allowance of the additional condition as an application for an additional award of compensation.
 {¶ 37} R.C. 4123.52 provides in pertinent part:
 The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * * [T]he commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefore. * * * *Page 13 
 {¶ 38} In State ex rel. Hammond v. Indus. Comm. (1945),144 Ohio St. 477, the court noted that the purposes of R.C. 4123.52's statutory limitation on the prosecution of compensation claims is to insure that claims are prosecuted promptly while the facts are available and that the ultimate liability under such claims may be established promptly so that the commission can enforce them.
 {¶ 39} Relator contends that his July 13, 1999 FROI is not only an application requesting the right to participate in the workers' compensation fund, but also is clearly an application which put the Ohio Bureau of Workers' Compensation ("bureau") on notice that he was also seeking the payment of TTD compensation. Relator bases this argument on the following statement contained in the February 27, 2003 bureau order which originally allowed relator's claim for asbestosis: "On 7/28/99 a FROI-1 application for Payment of Compensation Medical Benefits was filed on behalf of the injured worker."
 {¶ 40} In the present case, the magistrate finds that the above-quoted language in the bureau order did not convert relator's FROI into a request for compensation for the following reasons. First, as indicated in the findings of fact, nowhere on relator's FROI did he indicate the date that he last worked. In fact, much of the application was left blank. Second, relator did not list his physician's name and did not attach a report from his treating physician discussing the disabling effects of his condition. As the commission notes in its brief, if relator's incomplete FROI is sufficient to qualify as a specific request for TTD compensation, then R.C. 4123.52 would have no legal effect regarding the original payment of compensation because every claim would revert back to the date of *Page 14 
the filing of the FROI as the start date for compensation. This is not to say that it is not conceivable that relator could have filed an FROI which could be construed as an application for compensation. However, unlike the situation in General Refractories, where the claimant and employer had exchanged correspondence indicating that the claimant was seeking TTD compensation, the facts in this case do not lead the magistrate to conclude that the commission abused its discretion in denying this period of compensation as being outside the two-year time frame contemplated by R.C. 4123.52. The commission did not abuse its discretion since relator's FROI is not a clear request for compensation.
 {¶ 41} With regards to the period from December 5, 2003 through November 17, 2005, the magistrate notes the commission denied this period of disability on the basis that there was insufficient medical evidence in the record to establish that relator was temporarily and totally disabled during that time frame. Relator points out that he underwent surgery for asbestosis-related pleural disease on March 13, 2000. Further, relator points to his own sworn affidavit indicating that he was under the treatment of Dr. Davis from March 17, 1996 through the present and that he saw Dr. Davis on a regular basis. Lastly, relator points to the March 15, 2006 report of Dr. Mansour who opined that the period of TTD was proper.
 {¶ 42} It must be remembered that questions of credibility and the weight to be given evidence are clearly within the commission's discretionary fact-finding powers. Teece. Furthermore, it is immaterial whether evidence, even if greater in quality and/or quantity supports a decision contrary to the commission's. State ex rel. Pass v. C.S.T. *Page 15 
Extraction Co. (1996), 74 Ohio St.3d 373. In the present case, the commission was not persuaded by the evidence that relator submitted. This court does not weigh the evidence de novo and this magistrate finds the commission did not abuse its discretion in the present case by finding that the medical evidence for this time period was not sufficient.
 {¶ 43} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying certain periods of TTD compensation in the present case, and this court should deny relator's request for a writ of mandamus. *Page 1