DECISION
 IN MANDAMUS {¶ 1} Relator, Franklin County Board of Commissioners, filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting a one-third loss of use *Page 2 
award to respondent William H. Meier, IV ("claimant"), for the right index finger and ordering the commission to find that claimant is not entitled to that award.
 {¶ 2} We referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Writ of mandamus denied.
 McGRATH and TYACK, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 4} Relator, Franklin County Board of Commissioners, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting a one-third *Page 4 
loss of use award to respondent William H. Meier, IV ("claimant"), for the right index finger and ordering the commission to find that claimant is not entitled to that award.
Findings of Fact: {¶ 5} 1. Claimant sustained a work-related injury on March 21, 2007 and his claim has been allowed for "complicated open wound of right second finger; crushing injury right second finger; amputation right second finger." Claimant underwent surgery the same day. The operative report provides:
 POSTOPERATIVE DIAGNOSIS
 Crush injury with open amputation right index finger[.]
 PROCEDURE PERFORMED
 Revision amputation with digitial nerve enurectomies and volar advancement flap coverage right index finger.
 INDICATIONS FOR PROCEDURE
 This man sustained a crush injury to his right index finger involving loss approximately 50% of the nail plate and a portion of the distal phalanx of the finger. * * *
 * * *
 PROCEDURE
 * * *
 * * * [W]e debrided devitalized skin and subcutaneous tissue as well as loose fragments of bone. The volar ligaments were divided from the distal phalanx bone and the distal phalanx was shortened approximately 2 mm using a micro air saw to smooth the relatively jagged fracture of the distal tuft[.] * * * We debrided the nail bed tissue and removed the remainder of the nail plate. * * *
 {¶ 6} 2. In March 2007, claimant filed a motion requesting the award of a one-third loss "by amputation" of the right index finger. Claimant also submitted a diagram *Page 5 
of the amputation site indicating the final loss resulting from the incident and surgery. (Stipulation at 39.)
 {¶ 7} 3. By order mailed June 18, 2007, the Ohio Bureau of Workers' Compensation denied the requested award.
 {¶ 8} 4. Claimant appealed and the matter was heard before a district hearing officer ("DHO") on July 31, 2007. The DHO vacated the order of the administrator and granted claimant's request based upon the reports of the treating surgeon, Raymond J. Kobus, M.D.
 {¶ 9} 5. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on September 13, 2007. The SHO affirmed the prior DHO's order and granted claimant's request for a one-third loss award based on the following:
 It is found that the injured worker sustained an injury to the right index finger in this claim on 03/21/2007. The surgical report from that date indicates that the loss involved approximately 50% of the nail plate of the right index finger, and a portion of the bone of the finger. A diagram on file, marked by Dr. Kobus, shows an amputation point of approximately 1/2 of the distal joint of the right index finger. Based on these findings and level of loss, it is found that this case is not controlled by the [State ex rel.] Tri County Business Servs., Inc. v. Croley, Franklin App. No. 05AP-95, 2005-Ohio-6107] case, wherein the matrix of the injured worker's nail was intact and there was only a small amount of bony involvement. Based on the facts present herein, it is found that a 1/3 loss award is appropriate.
 {¶ 10} 6. Thereafter, relator's appeal was refused by order of the commission mailed October 11, 2007.
 {¶ 11} 7. Relator's request for reconsideration was denied by order of the commission mailed November 29, 2007.
 {¶ 12} 8. Thereafter, relator filed the instant mandamus action in this court. *Page 6 
Conclusions of Law: {¶ 13} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 14} In this mandamus action, relator argues that there is no evidence establishing that claimant's distal phalanx was severed near the joint. As such, relator asserts that claimant is not entitled to a one-third loss of use award pursuant to this court's decision inState ex rel. Kabealo v. Indus. Comm. (Mar. 8, 1990), Franklin App. No. 88AP-33. Relator also asserts that the commission abused its discretion by distinguishing the facts presented by claimant from the facts presented in State ex rel. Tri County Business Servs., Inc. v.Croley, Franklin App. No. 05AP-95, 2005-Ohio-6107. For the reasons that follow, it is this magistrate's decision that relator's request for a writ of mandamus should be denied. *Page 7 
 {¶ 15} R.C. 4123.57(B) provides a schedule of weekly compensation for the loss of enumerated body parts. The statute provides:
 For the loss of a second finger, commonly called index finger, thirty-five weeks.
 * * *
 The loss of the third, or distal, phalange of any finger is considered equal to the loss of one-third of the finger.
 {¶ 16} In Kabealo, this court had occasion to interpret the above-quoted language which, at that time, appeared at R.C. 4123.57(C). This court held that "loss of the distal phalange means near the joint." Id. In Kabealo, the claimant's right index finger was smashed at its tip by an automatic tie-rod assembler machine. The commission denied the claimant's motion for a scheduled-loss award noting that medical evidence from claimant's own physician indicated that only a portion of the flesh and nail bed of the distal phalanx had been amputated. As such, this court denied the claimant's request for a writ of mandamus.
 {¶ 17} More recently, in Tri County, this court followed its holding in Kabealo in a case involving a claim for a scheduled-loss award for loss of the distal phalanx of the left thumb. In that regard, R.C. 4123.57(B) states: "The loss of a second, or distal, phalange of the thumb is considered equal to the loss of one half of such thumb."
 {¶ 18} In Tri County, the commission had granted the claimant an award for the loss of one-half of his thumb. This court adopted the decision of its magistrate and granted the request for a writ of mandamus. The magistrate's decision summarized the medical evidence as follows:
 * * * According to the emergency services records, claimant sustained a loss of a 2 centimeter area of his thumb which *Page 8 
included the radial corner of his distal phalanx. Pursuant to Dr. Kitzmiller's September 22, 2003 report, claimant's matrix nail is intact. The September 26, 2003 operative notes, signed by Dr. Kitzmiller, specifically indicate that following the surgery claimant's IP joint was flexed. Furthermore, the September 21, 2003 radiology report indicates that claimant sustained an amputation to the soft tissues of the tip of his thumb as well as a small portion of the lateral thumb tuft.
Id. at ¶ 17.
 {¶ 19} This court's magistrate in Tri County concluded:
 Given this court's interpretation of the statute, the magistrate finds that the commission did abuse its discretion in granting claimant a permanent partial award for the loss of one-half of his thumb where the evidence shows that claimant suffered a partial amputation of the distal phalanx which was not close to the IP joint and where the IP joint itself was able to be flexed.
Id. at ¶ 19.
 {¶ 20} More recently, in State ex rel. J.E.S. Foods, Inc. v. Indus.Comm., Franklin App. No. 06AP-1248, 2007-Ohio-5920, this court considered its decisions in both Kabealo and Tri County in finding that the commission had abused its discretion in awarding scheduled-loss compensation for the alleged loss of the distal phalanges of two of the claimant's fingers. In J.E.S., the claimant's motion for a scheduled-loss award was supported by reports from his treating physician, Dr. Kemmler. According to the operative report, approximately one-to-two millimeters of bone was rongeured to remove any superficial contamination. Dr. Kemmler marked a diagram wherein he drew a line across the middle and ring finger bones indicating the amputation sites. Each line was clearly drawn well above the mid-way point between the DIP joint and the tip of the distal phalanx bone. Although the commission granted the claimant the scheduled-loss award, this court found that the commission did not follow the proper standard for *Page 9 
determining R.C. 4123.57(B) phalanx loss as there was no medical evidence in the record to support a finding that the phalanx loss of the two fingers at issue was near the DIP joint.
 {¶ 21} That this court has adopted a standard for determining R.C. 4123.57(B) phalanx loss is not seriously disputed by the parties here. This court stated in Kabealo that the loss of the distal phalanx means loss near the joint and not a partial loss.
 {¶ 22} For a writ of mandamus to issue, it must be demonstrated that the relator has a clear legal right to the relief sought and that the commission was under a clear legal duty to provide that relief. The determination of disputed factual situations is within the final jurisdiction of the commission subject to correction by an action in mandamus only upon a showing of an abuse of discretion. State ex rel.Allied Wheel Products, Inc. v. Indus. Comm. (1956), 166 Ohio St. 47. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece. It is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's. State exrel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373.
 {¶ 23} In the present case, the commission concluded that the amputation of claimant's right index finger was sufficiently close enough to the DIP joint to warrant a one-third loss award. The medical evidence relied upon by the commission indicates that claimant lost approximately 15 percent of the nail plate and a portion of the distal phalanx of the finger. Dr. Kobus used an air saw to remove an additional two millimeters of bone and remove the remainder of claimant's nail plate. The magistrate *Page 10 
finds that there is some evidence in the record to support the commission's determination and relator's request for a writ of mandamus should be denied.
 {¶ 24} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in awarding the claimant a one-third loss award and this court should deny relator's request for a writ of mandamus. *Page 1