THE STATE EX REL. VIKING FORGE CORPORATION,
APPELLANT, *v.* PERRY ET AL., APPELLEES.

[Cite as *State ex rel. Viking Forge Corp. v. Perry,*
**142 Ohio St.3d 108, 2015-Ohio-968.**]

(No. 2012–1268—Submitted January 13, 2015—Decided March 18, 2015.)

**Per Curiam.**

{¶ 1} Appellee Kelly Perry severely injured both thumbs in an industrial accident on September 26, 2008. Drew R. Engles, M.D., performed surgery that same day to partially amputate Perry's left thumb and to repair Perry's right thumb. Following a period of temporary total disability, Perry returned to light-duty work on December 1, 2008, and to his former position of employment with no medical restrictions on February 4, 2009.

{¶ 2} Dr. Engles examined Perry on February 18, 2009, and reported, "I believe the patient is doing well enough that he may be discharged from active care and no further intervention is anticipated from my standpoint. The patient is currently looking into a possible prosthesis and this can be handled through the occupational therapist who typically assists patients with these arrangements."

{¶ 3} On March 2, 2009, Perry was terminated from employment for violating work rules. He returned to Dr. Engles on March 18, 2009. He told Dr. Engles that he had lost his job and asked to be placed on work restrictions and to continue therapy. Dr. Engles reported, "With respect to the patient's request to go back onto work restrictions and for additional therapy, I do not believe this would be prudent. I believe that the patient has maximized the benefit of therapy." Dr. Engles referred Perry to the occupational branch of his clinic for assistance with obtaining a prosthesis and for any other ongoing care.

{¶ 4} On April 7, 2009, Perry changed his physician of record to Steven Rodgers, M.D., and terminated his relationship with Dr. Engles, because surgical issues no longer needed to be addressed. Dr. Rodgers placed Perry on restricted duty, and Perry applied for an additional period of temporary-total-disability compensation to begin April 7, 2009.

{¶ 5} A staff hearing officer awarded Perry temporary-total-disability compensation. The hearing officer relied on Perry's testimony that the incident for which he was terminated was not his fault, but rather was caused by a coworker, to support the finding that Perry had not voluntarily abandoned his employment. In addition, the hearing officer relied on the medical documentation from Dr. Rodgers and Perry's testimony to find that Perry remained temporarily and totally disabled as of April 7, 2009.

{¶ 6} Perry's former employer, appellant, Viking Forge Corporation, filed a complaint for a writ of mandamus alleging that appellee Industrial Commission abused its discretion when it ordered payment of temporary-total-disability compensation for the period after Perry was discharged from employment. The Tenth District Court of Appeals concluded that Perry had not voluntarily abandoned his employment and that Dr. Rodgers's findings of increased pain, loss of sensation, and hypersensitivity, coupled with his intended action for treatment, constituted some evidence upon which the commission could rely to award temporary-total-disability compensation. The court denied the writ.

{¶ 7} Viking Forge filed an appeal as of right. We referred the case to mediation and stayed briefing. After mediation was unsuccessful, the case was returned to the regular docket and briefing commenced.

{¶ 8} R.C. 4123.56 provides for compensation for temporary total disability when an industrial injury prevents a claimant from performing the duties of his or her position of employment. *See State ex rel. Floyd v. Formica Corp.*, 140 Ohio St.3d 260, 2014-Ohio-3614, 17 N.E.3d 547, ¶ 14; *State ex rel. Baker v. Indus. Comm.*, 89 Ohio St.3d 376, 380, 732 N.E.2d 355 (2000). If a claimant is no longer employed for reasons unrelated to the industrial injury and has not reentered the workforce, he is not eligible for temporary-total-disability compensation, because the injury no longer is the cause of the loss of wages. *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51; *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401, 650 N.E.2d 469 (1995). The underlying principle is that the employee's departure from the workplace must be causally related to the injury for the employee to be eligible for temporary-total-disability compensation. *State ex rel. Rockwell Internatl. v. Indus. Comm.*, 40 Ohio St.3d 44, 531 N.E.2d 678 (1988).

{¶ 9} Thus, the medical aspect of an application for temporary-total-disability compensation that is filed after a claimant's termination must be carefully scrutinized, particularly when the claimant had been released to work or had actually returned to the former position of employment. *State ex rel. Ohio Treatment Alliance v. Paasewe*, 99 Ohio St.3d 18, 2003-Ohio-2449, 788 N.E.2d 1035, ¶ 7. The onset of disability is inherently suspect when it coincides with termination of employment. *Id.* at ¶ 9.

{¶ 10} Viking Forge challenges the sufficiency of the evidence in support of Perry's claim before the commission. Thus, we must determine whether there is evidence that supports the commission's finding that Perry was entitled to temporary-total-disability compensation. If so, there was no abuse of discretion, and mandamus was appropriately denied. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 508 N.E.2d 936 (1987).

{¶ 11} Viking Forge maintains that there were no new and changed circumstances in Perry's medical condition to support an award of temporary-total-disability compensation after Perry's termination from employment. According to Viking Forge, after Perry was released for work without restrictions on February 4, the only circumstance that changed was that Dr. Rodgers reported that Perry could not work, an opinion that contradicted the medical opinion of Dr. Engles. Viking Forge maintains that upon careful scrutiny, as required by *Paasewe*, the evidence does not support the commission's finding of temporary total disability.

{¶ 12} In *Paasewe*, without explanation, a doctor issued an opinion certifying the claimant as disabled through October 11, 2000, which repudiated the same doctor's earlier report in which he had released the claimant for work on July 10, 2000. *Paasewe*, 99 Ohio St.3d 18, 2003-Ohio-2449, 788 N.E.2d 1035, ¶ 11. Unlike *Paasewe*, this case presents conflicting medical evidence. Dr. Engles said he could no longer provide surgical services for Perry and referred him to a clinic for ongoing care. Perry began treating with Dr. Rodgers, whose opinion differed from Dr. Engles's opinion.

{¶ 13} The commission is exclusively responsible for evaluating the weight and credibility of evidence and deciding disputed issues of fact. *Burley*, 31 Ohio St.3d at 20–21, 508 N.E.2d 936. The commission found the medical documentation from Dr. Rodgers to be credible evidence. We agree with the court of appeals that the commission's evaluation passed the scrutiny required by *Paasewe*.

{¶ 14} Next, Viking Forge maintains that Perry's termination from employment was a voluntary departure from the workplace. According to Viking Forge, Perry had received a copy of Viking Forge's handbook containing safety rules and disciplinary procedures, yet had been reprimanded several times for violations and, on February 4, 2009, was advised that his next infraction would lead to termination. Viking Forge argues that based on these factors, Perry was ineligible for temporary-total-disability compensation.

{¶ 15} The hearing officer relied on Perry's testimony at the hearing that the infraction for which he was terminated had not been his fault. The commission considered this testimony credible and rejected Viking Forge's argument that Perry had voluntarily abandoned his position. It was within the commission's discretion to rely on Perry's testimony that he did not violate a written work rule.

{¶ 16} Finally, Viking Forge argues that the commission abused its discretion because the staff hearing officer failed to adequately explain the basis for the decision. The commission's order must contain sufficient detail of its reasoning and the evidence supporting it. Failure to do so constitutes an abuse of discretion. *State ex rel. Mitchell v. Robbins & Myers, Inc.,* 6 Ohio St.3d 481, 483, 453 N.E.2d 721 (1983).

{¶ 17} Here, the commission specifically relied on the medical evidence from Dr. Rodgers and on Perry's testimony. Viking Forge merely disagrees with the commission's findings. But it is not the role of a reviewing court to assess the credibility of the evidence. *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 78 Ohio St.3d 176, 177, 677 N.E.2d 338 (1997). So long as the commission's order is supported by evidence in the record, there is no abuse of discretion. *State ex rel. Pass v. C.S.T. Extraction Co.,* 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996).

{¶ 18} Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

—————

Christopher J. Shaw, for appellant.

Michael DeWine, Attorney General, and Andrew Alatis, Assistant Attorney General, for appellee Industrial Commission.