[Cite as *State ex rel. Coseno v. Indus. Comm.*, 2017-Ohio-8973.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Joseph L. Coseno, | : | |
| Relator, | : | |
| v. | : | No. 16AP-151 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| City of Ashland, | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on December 12, 2017

**On brief:** *Nager, Romaine & Schneiberg, Jerald A. Schneiberg,* and *Corey J. Kuzma,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Andrew J. Alatis,* for respondent Industrial Commission of Ohio.

**On brief:** *Mansour Gavin LPA, James A. Budzik,* and *Tracey S. McGurk,* for respondent City of Ashland.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Joseph L. Coseno, commenced this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his motion for temporary total disability ("TTD") compensation and ordering the commission to find he is entitled to an award of TTD.

{¶ 2}   Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate.  The magistrate issued a decision, appended hereto, including findings of fact and conclusions of law, and recommended that this court deny Coseno's request for a writ of mandamus.

## I.  Facts and Procedural History

{¶ 3}   As the magistrate sets forth more fully, Coseno sustained a work-related injury on August 26, 2013, and his workers' compensation claim was allowed for unilateral inguinal hernia left, left ilioinguinal neuralgia/neuritis, and major depressive disorder single episode moderate.  In a November 12, 2014 office note, Todd Hochman, M.D., opined Coseno had not yet reached maximum medical improvement ("MMI").  Subsequently, Coseno moved to Florida where he was under the care of Jane Bistline, M.D.  Dr. Bistline reported during a March 18, 2015 evaluation that Coseno may benefit from an ilioinguinal nerve block. Coseno then returned to Ohio where he saw Dr. Hochman on April 8, 2015.  Dr. Hochman completed a Medco-14 form certifying that Coseno was unable to return to his former position of employment but would be able to return to work with restrictions from February 26 through July 20, 2015.

{¶ 4}   On April 26, 2015, L.J. Mascarenhas, M.D., completed a physician review of Coseno's injuries and treatment.  Dr. Mascarenhas noted Coseno had been receiving TTD compensation since August 27, 2013, and Dr. Mascarenhas concluded Coseno had reached MMI.  However, in an April 29, 2015 report, Dr. Hochman explained that he did not agree with Dr. Mascarenhas' physician review and stated that, in his opinion, Coseno had not yet reached MMI.  Dr. Hochman specifically noted until Coseno receives a repeat ilioinguinal nerve block and all treatment options are exhausted, Coseno should be entitled to continuation of his TTD benefits.

{¶ 5}   Coseno filed an application for TTD compensation on April 10, 2015. A district hearing officer ("DHO") heard the matter on June 12, 2015 and denied Coseno's request, concluding there was insufficient competent medical evidence to support the requested period of TTD compensation.  The DHO specifically noted that although Dr. Bistline opined Coseno may benefit from a left inguinal injection, there had been no formal C-9 request for that treatment.  The DHO also noted that while Dr. Hochman saw Coseno on April 8, 2015, Dr. Hochman backdated the request for TTD from February 26,

2015. Finally, the DHO noted that Dr. Mascarenhas opined that Coseno's condition had reached MMI.

{¶ 6} On July 1, 2015, Coseno saw Dr. Hochman again, at which time Dr. Hochman stated he would submit a C-9 form requesting additional injections with ultrasound guidance. Subsequently, on July 22, 2015, a staff hearing officer ("SHO") heard Coseno's appeal from the DHO order, and the SHO order also denied the requested period of TTD compensation. The SHO concluded Dr. Hochman's certification of disability beginning February 26, 2015 was not based on a contemporaneous physical examination, and the SHO also relied on Dr. Mascarenhas' April 26, 2015 file review opining Coseno had reached MMI. After the commission refused Coseno's further appeal, Coseno filed this mandamus request. On July 27, 2017, the magistrate issued a decision recommending this court deny Coseno's request for a writ of mandamus.

## II. Objection to the Magistrate's Decision

{¶ 7} Coseno sets forth the following objection to the magistrate's decision:

> The magistrate erred in denying Relator's request for a writ of mandamus by relying on the Industrial Commission Committee Order mailed August 11, 2015.

## III. Discussion

{¶ 8} In his sole objection to the magistrate's decision, Coseno argues the magistrate erroneously concluded there was some evidence to support the order of the commission denying the request for TTD compensation.

{¶ 9} Initially, we note Coseno argues the SHO's order denying TTD compensation "contains too many mistakes of law and facts to be relied upon." (Coseno's Obj. at 5.) However, Coseno alerted the magistrate to these errors and discrepancies in his brief, and the magistrate considered and disposed of them correctly. Though Coseno now attempts to reargue his case in this regard, he does not identify any errors of fact or law in the magistrate's decision related to the mistakes contained in the SHO's decision.

{¶ 10} Coseno additionally argues the commission erroneously based its decision to deny Coseno's request for TTD compensation on the medical report of Dr. Mascarenhas, who opined that Coseno's conditions had reached MMI. For the first time in these proceedings, Coseno argues Dr. Mascarenhas' report is not "some evidence"

because it did not set forth a date on which Coseno should be found to have reached the treatment plateau.

{¶ 11} We note, however, that Coseno did not challenge the validity of Dr. Mascarenhas' report in either the proceedings before the commission or the proceedings before the magistrate. Indeed, the magistrate specifically noted that Coseno did not challenge Dr. Mascarenhas' report. (Mag.'s Decision at ¶ 34.) As the Supreme Court of Ohio has explained, a party's failure to raise an issue in the administrative proceedings precludes the party from arguing the issue for the first time in a mandamus action. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 84 (1997). *See also State ex rel. Armstrong Steel Erectors, Inc. v. Indus. Comm.*, 10th Dist. No. 13AP-190, 2014-Ohio-2616, ¶ 8, quoting *State ex rel. Burns Internatl. v. Smith*, 10th Dist. No. 05AP-488, 2006-Ohio-6713, ¶ 3 ("a failure to pursue [an] issue administratively 'bars this court from addressing it de novo in this action' "). Thus, because Coseno failed to raise this argument at both the administrative level and before the magistrate, Coseno is precluded from raising it here. Accordingly, we overrule Coseno's objection to the magistrate's decision.

## IV. Conclusion

{¶ 12} Following our independent review of the record pursuant to Civ.R. 53, we find that the magistrate correctly determined that Coseno is not entitled to the requested writ of mandamus as there is some evidence in the record to support the commission's denial of Coseno's TTD compensation request. Accordingly, we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law. We therefore overrule Coseno's objection to the magistrate's decision and deny Coseno's request for a writ of mandamus.

*Objection overruled; writ of mandamus denied.*

TYACK, P.J., and BROWN, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Joseph L. Coseno, | : | |
| Relator, | : | |
| v. | : | No. 16AP-151 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| City of Ashland, | : | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 27, 2017

*Nager, Romaine & Schneiberg, Jerald A. Schneiberg,* and *Corey J. Kuzma,* for relator.

*Michael DeWine,* Attorney General, and *Andrew J. Alatis,* for respondent Industrial Commission of Ohio.

*Mansour Gavin LPA, James A. Budzik,* and *Tracey S. McGurk,* for respondent City of Ashland.

IN MANDAMUS

{¶ 13} Relator, Joseph L. Coseno, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his motion for temporary total disability ("TTD") compensation and ordering the commission to find that he is entitled to that award as requested.

Findings of Fact:

{¶ 14} 1. Relator sustained a work-related injury on August 26, 2013, and his workers' compensation claim has been allowed for the following conditions: "Unilateral inguinal hernia left; left ilioinguinal neuralgia/neuritis; major depressive disorder single episode moderate."

{¶ 15} 2. The stipulation contains the November 12, 2014 office note of Todd F. Hochman, M.D. It appears relator had been treating with Dr. Hochman following the injury. In his November 2014 office note, Dr. Hochman opined that relator had not yet reached maximum medical improvement ("MMI"), had undergone injections which did not provide him with relief, and that other medical tests needed to be scheduled. With regard to his physical exam, Dr. Hochman noted the following: "Was pretty much unchanged. He still complains of the pain in the inguinal region." Regarding history and the treatment plan, Dr. Hochman noted as follows:

> Claim No. 13-341277 has been recognized for the left inguinal hernia * * *, and the left ilioinguinal neuralgia/neuritis * * *. The patient had surgery by Dr. Peabody. He saw Dr. Ningegowda. He tried to get in touch with Dr. Rosen but he had a difficult time because Dr. Rosen was in the process of transferring between University Hospitals and the Cleveland Clinic. He saw Dr. Bencsath but I still have yet to see those notes. He saw Dr. Vrooman. He had the injection on September 8, 2013. It did not provide the relief that he had hoped. Dr. Vrooman also discussed a peripheral nerve stimulator but the patient really does not want to consider that. The patient is hopeful that Dr. Rosen will have some insight. The patient will see Dr. Rosen tomorrow, November 13, 2014. We will get the notes and proceed accordingly. He understands that he should get the scrotal ultrasound and follow up with the urologist. Once he gets those scheduled, we will get the end date extended. I reviewed the OARRS system today, November 12, 2014. I am going to refill Lyrica 75 mg 2 p.o. q.a.m. and 3 p.o. q.h.s. #120 x2 refills. He is out of work as there is no light duty work available. I will update the Medco-14. He will return in 1 month.

{¶ 16} 3. Relator moved to Florida and began treating with Jane E. Bistline, M.D. In her initial evaluation, dated March 18, 2015, Dr. Bistline noted that relator had been

involved in a work-related accident which resulted in low back and left side groin pain post inguinal hernia repair.  Ultimately, Dr. Bistline concluded:

> **Assessment:**
> [One] Lumbago - 724.2 (Primary)
> [Two] Unspecified mononeuritis of lower limb - 355.8, ilioinguinal neuralgia
>
> **Plan:**
> **[One] Lumbago**
> Notes: Recommend a lumbar MRI without contrast
> **[Two] Unspecified mononeuritis of lower limb**
> Notes: I recommend and feel at this time that the patient may benefit from a ilioinguinal nerve block. Risks, benefits and alternatives were discussed with the patient. The patient wishes to proceed.

{¶ 17} 4.  Relator returned to Ohio and was again seen by Dr. Hochman.  In his April 8, 2015 office note, Dr. Hochman detailed the recent medical evidence, stating:

> The patient is in today for a follow up. The patient had the hernia. He had surgery by Dr. Peabody. He was seen by Dr. Ningegowda. He saw Dr. Ungar who agreed with the ilioinguinal neuralgia (355.8). He was able to get in to see Dr. Bencsath. He was never able to come up with those records. He saw Dr. Vrooman. He was approved for injections. They did not provide the relief that he had hoped. He saw a urologist and the urologist is recommending a scrotal ultrasound. That has yet to be completed. We will try to get the end date extended. He did see Dr. Michael Rosen. I was able to review the notes from Dr. Rosen. Dr. Rosen was concerned about the hip but felt that there were no surgical pathologies. Complicating the patient situation, the patient's daughters are ill. He tried to receive treatment at the local facilities and then was sent to Children's Hospital of Philadelphia. The patient was given two options — go to Children's Hospital in Texas or Children's Hospital in Miami, Florida. He has had to relocate to Florida due the fact that he is attending to his children's needs. He was able to get in to see Dr. Jane Bistline at * * *. Apparently, she would not take over as Physician of Record but is willing to see the patient for pain management. It is my understanding that Dr. Bistline feels the patient would benefit from additional injections. I am going to get those notes. We will submit the appropriate C-9s. The patient remains out of work as there is no light duty work available. I will update his Medco-14

today. The condition prevents him from returning to work full duty and there has been no light duty available.

{¶ 18} 5. That same day, Dr. Hochman completed a Medco-14 certifying that relator was unable to return to his former position of employment, but could return to work with restrictions from February 26 through July 20, 2015.

{¶ 19} 6. A physician review by L.J. Mascarenhas, M.D., was completed April 26, 2015. Dr. Mascarenhas was asked whether the medical evidence subsequent to February 26 through July 20, 2015 supported the payment of TTD compensation. After reviewing the medical evidence and discussing the treatment, Dr. Mascarenhas noted that relator had been on TTD compensation since August 27, 2013 and that he had surgery and nerve block injections. Ultimately, Dr. Mascarenhas concluded that relator had reached MMI, stating:

> He has obtained no relief from the ilioinguinal block and consult with Dr. Rosen (hernia specialist) indicates his problem may be musculoskeletal or related to the hip. MRI was to be done. No documentation of result.
>
> **Claimant has been in his usual state of chronic groin pain. There has been no new or altered condition to warrant this ongoing TTD.**
>
> Deny TTD 2/26/15 to 7/20/15 Est.

(Emphasis sic.)

{¶ 20} 7. The record contains the April 29, 2015 report of Dr. Hochman, wherein Dr. Hochman explains why Dr. Mascarenhas' physician's review does not change his opinion that relator's allowed conditions had not reached MMI. Specifically, Dr. Hochman stated:

> Mr. Coseno is unable to return to his previous position of employment as a firefighter/paramedic without restrictions. Mr. Coseno is out of work at this time as his employer cannot accommodate light duty status. Due to unfortunate circumstances with Mr. Coseno's children, Mr. Coseno has relocated to Florida and is currently under the care of Dr. Jane Bistline, a pain management physician. As documented in Dr. Bistline's March 18, 2015 record, it is the opinion of a board-certified pain management physician that

an ilioinguinal nerve block is required. Until the repeat ilioinguinal nerve block is completed, and all treatment options are exhausted, Mr. Coseno has not reached maximum medical improvement. Provided that Mr. Coseno is unable to return to his previous position of employment as a firefighter/paramedic, without restrictions, as well as taking into consideration that Mr. Coseno's employer is unable to accommodate light duty status, and that Mr. Coseno would benefit from additional invasive pain procedures, including an ilioinguinal nerve block, and therefore has not reached maximum medical improvement, it is my medical opinion that Mr. Joseph Coseno should be entitled to continuation of his temporary total disability benefits.

{¶ 21} 8.  Relator filed an application for TTD compensation on April 10, 2015.

{¶ 22} 9. The matter was heard before a district hearing officer ("DHO") on June 12, 2015.  The DHO denied relator's request finding there was insufficient competent medical evidence to support the requested period of compensation.  The DHO specifically noted:  (1) relator "saw Michael Rosen, M.D. on 11/13/2014.  That office note indicates 'I'm concerned that he might have an undiagnosed lesion either in his musculoskeletal region or left hip;' " (2) "[t]here is no medical treatment in the state file from 11/13/2014 through 03/18/2015" when relator saw Dr. Bistline, whose "primary assessment is Lumbago and [relator] needs a lumbar MRI;" (3) Dr. Bistline opined that relator may benefit from a "left inguinal injection;" however, there had been "no C-9 request for that treatment" and relator "had the same procedure done at the Cleveland Clinic last August without relief;" (4) Dr. Hochman saw relator on April 8, 2015 yet backdated the request for TTD compensation from February 26, 2015 without also requesting any medical service or recommendation for additional conditions; and (5) in his April 26, 2015 file review, Dr. Mascarenhas opined that relator's condition had reached MMI.

{¶ 23} 10. Relator saw Dr. Hochman again on July 1, 2015.  Dr. Hochman explained that, based on his physical findings, there was no reason to pursue an evaluation of the hip nor was there a reason to pursue a lumbar MRI.  Because he still believed that relator would benefit from additional injections, he indicated that he would submit a C-9 requesting the injections with ultrasound guidance.

{¶ 24} 11. Relator's appeal from the DHO order was heard before a staff hearing officer ("SHO") on July 22, 2015. The SHO also denied the requested period of compensation finding that Dr. Hochman's certification of disability beginning February 26, 2015 was not in compliance with Ohio Adm.Code 4123-3-18 because the period was not based on a contemporaneous physical examination. The SHO noted further that there were no C-9 requests for medical services or recommendations for the allowance of additional conditions during the period of requested disability and that the treatment plan in each Medco-14 has remained unchanged for more than a 10-month period. The SHO specifically relied on Dr. Mascarenhas' April 26, 2015 file review opining that relator had reached MMI.

{¶ 25} 12. Relator's further appeal was refused by order of the commission mailed September 1, 2015.

{¶ 26} 13. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 27} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 28} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 29} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the

weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 30} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 31} Relator's first argument is that the statement by the SHO that Dr. Hochman's certification of disability beginning February 26, 2015 did not comply with Ohio Adm.Code 4123-3-18 because the period was not based on a contemporaneous medical examination is a misstatement of the law and it was an abuse of discretion for the SHO to cite this reason as a basis for denying the request for TTD compensation. Relator argues that the administrative code section cited by the SHO relates to appeals and not requests for TTD compensation.

{¶ 32} Relator is correct that Ohio Adm.Code 4123-3-18 does not apply; however, the magistrate finds that this is nothing more than a typographical error on the part of the SHO and that the proper citation should have been to Ohio Adm.Code 4123-5-18, which involves the medical proof required for the payment of compensation. While the SHO did not cite the proper administrative code section, the SHO did explain that the requested period of compensation was not based on a contemporaneous physical examination. It is undisputed that Dr. Hochman examined relator in November 2014 and then did not examine him again until April 2015. As such, Dr. Hochman's certification of disability beginning in February 2015, was not based on a contemporaneous medical examination. Relator clearly had notice of the SHO's reasoning. This typographical error does not constitute grounds for the issuance of a writ of mandamus. Relator also points out the SHO stated there was a six-month gap in treatment when, in reality, the gap was only five months. Relator asserts this

constitutes grounds for the granting of a writ. The magistrate disagrees. Again, relator had notice that his evidence was found insufficient because it was not contemporaneous because there was a gap.

{¶ 33} Relator argues further that his medical evidence was sufficient to support a finding that he was temporarily and totally disabled during the requested period of time. However, as noted in the findings of fact, the SHO specifically cited reliance on the medical file review of Dr. Mascarenhas who opined that relator's allowed conditions had reached MMI because there had been no relief from the inguinal nerve block in November 2014, no other treatment had occurred despite recommendations, and relator's pain was chronic in nature.

{¶ 34} Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *Teece.* It is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373 (1996). Here, the commission specifically relied on the file review of Dr. Mascarenhas and found that relator's allowed conditions had reached MMI. Relator does not challenge Dr. Mascarenhas' report. This constitutes acceptable grounds for denying the requested period of TTD compensation and does not constitute an abuse of discretion.

{¶ 35} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it denied his application for temporary total disability compensation and this court should deny his request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).